[Civ. No. 3111.    First Appellate District, Division One.—December 8, 1919.]

TRACY BRICK & ART STONE COMPANY (a Corporation), Appellant, v. F. H. WURSTER et al., Copartners, etc., Respondents.

[1] EVIDENCE—BREACH OF WARRANTY—ADMISSIBILITY OF PAROL EVIDENCE.—In an action to recover a balance claimed to be due for stone work and ornamental moldings used in the construction of a building, wherein the defendant by cross-complaint seeks to recover the amount paid on account of such materials on the ground of breach of warranty, parol evidence as to the alleged warranty is admissible, where the transaction between the parties had its inception in oral representations and agreements, and considerable material was furnished under such oral understanding and agreement prior to the time the agreement was reduced to writing, although the written agreement contains no warranty.

[2] APPEAL—REVIEW OF INSTRUCTIONS—SUFFICIENCY OF RECORD.—On an appeal from a judgment under the alternative method, instructions to the jury not included in the reporter's transcript cannot be reviewed, although included in the clerk's transcript, in the absence of a certification by the trial judge as to correctness or as being the instructions actually given, although at the foot of each instruction there is a notation supposedly made by the trial judge in the course of his consideration of the instructions proffered by the respective parties to the case.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crouch & Chambers for Appellant.

Henning & McGee and Wright & McKee for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants upon their cross-complaint in an action brought by the plaintiff to recover an alleged balance of $7,840, claimed to be due for materials furnished by the plaintiff to the defendants at their special instance and re-

---

1. Admissibility of parol evidence to vary terms of written contract, generally, note, 17 L. R. A. 273.

quest, of the reasonable value of $15,188.78, upon which certain payments were made, leaving a balance in the amount for which suit was brought.

The defendants in their answer admitted that the stone work and ornamental moldings referred to in the complaint had been delivered to them by the plaintiff for use in the construction of a certain building being erected by the defendants in the city of San Diego, but denied that the reasonable value of said materials was the sum of $15,188.78, or any other sum, and alleged that said materials were of no value whatever. They further presented a cross-complaint wherein it was averred that the plaintiff had delivered to the defendants, at their special instance and request, the stone work and ornamental moldings referred to in the complaint, but that in so doing the plaintiff had represented and warranted to the defendants that said materials so delivered were durable and would stand the weather and climatic conditions existing in the city of San Diego, and were in every way fit and desirable to be used in the construction of the building in which they were to be used; that said stone work and ornamental moldings were, in fact, worthless, and became so disintegrated when used in the construction of said building that it would be necessary to remove all of said material therefrom; that the said defendants had already paid to plaintiff on account of such material the sum of $7,348.37, the return of which sum they demanded in the prayer to their cross-complaint.

The plaintiff filed an answer to said cross-complaint denying in detail the allegations thereof, and alleging that whatever deterioration there might have been in said materials so furnished by it was due to the negligence of the defendants in the treatment and use of said material in their said building and in the course of construction thereof.

The cause went to trial before a jury upon the issues thus made up, and from the evidence educed at such trial the following facts appeared in relation to the inception and conduct of the negotiations between the parties with respect to the subject matter of this suit: The Tracy Brick & Art Stone Company was, in the latter part of the year 1913, a corporation engaged in the manufacture and sale of certain artificial stone work and ornamental moldings for use in the construction of buildings. This corporation at that time

was under the management of a Mr. Tracy. The Wurster Construction Company was a copartnership composed of the defendants in this action, of which the defendant Wurster appears to have been the manager. Negotiations were entered into between Mr. Tracy and Mr. Wurster in the latter part of the year 1913 for the manufacture and delivery of certain artificial stone and moldings for use in the construction of a music pavilion within the exposition grounds of the city of San Diego. Under the oral arrangement then entered into a certain portion of the stone work in question was supplied during the first seven months of the year 1914. In the meantime Mr. Tracy had ceased to be the manager of the plaintiff, and the work of manufacturing and furnishing said materials was suspended for a time. On the 11th of September, 1914, the parties hereto executed an agreement in writing, which recited that it was to serve as a contract between them, whereby the Tracy Brick & Art Stone Company agreed to furnish and deliver all of the composition art stone and ornamental moldings for the said music pavilion as per drawings theretofore delivered to the Tracy Brick & Art Stone Company for the sum of $5,569, payable by the said defendants at various times upon and after the delivery of such materials. Work was renewed upon the manufacture and delivery of these materials immediately after the execution of said contract and continued for a short time when, according to the testimony of the parties, it was found impossible to manufacture and deliver such materials under said contract, or at the price agreed therein, owing to many changes which had been made in the plans and specifications of said buildings; and it was thereupon orally agreed that the said materials should be manufactured and furnished by the plaintiff to the defendants at the actual cost thereof to plaintiff without allowing for any profit. Thereafter the work of manufacturing and supplying these materials went on for some time and until an amount far in excess of that provided for in the written agreement had been supplied, and of which the reasonable value would have been the sum of over fifteen thousand dollars had such material corresponded to the alleged representations and warranties of the plaintiff. There was a sharp conflict in the evidence as to just what were the terms of this latter oral agreement between the parties, but that conflict was resolved

in favor of the defendants' version of said agreement by the jury, which also by its verdict found that the claim of the defendants with respect to the plaintiff's warranty of said materials, and the breach of said warranty, had been sustained by the evidence. A verdict was accordingly rendered in favor of the defendants for the sum of $6,448.37 upon their cross-complaint, and from the judgment for said sum entered in accordance with said verdict the plaintiff prosecutes this appeal.

[1] Two contentions are urged by the appellant upon the appeal. In the first of these the appellant urges that the trial court erred in allowing the introduction of parol evidence as to the warranty claimed to have been given by Mr. Tracy as manager of the plaintiff during the earlier negotiations and oral agreement of the parties, it being the contention of the plaintiff that all of such negotiations and agreements were merged in the written contract between the parties, and that the admission of such evidence constituted a variance of the terms of said written contract.

This contention, we think, is without merit. It is conceded that the transaction between the parties had its inception in the oral representations and agreements of their managers several months before the making of the written contract, and that considerable material had been supplied under said oral understanding and agreement prior to the making of such writing. It is also conceded that not long after the making of said written contract it was found impossible of fulfillment and was practically abandoned by the parties to it. The plaintiff in bringing this action did not rely on said written contract, but sued for a balance alleged to be due under the earlier and later oral agreements between the parties. The written contract was introduced in evidence at the trial; but the record clearly shows that the purpose of its introduction was not to show a writing between the parties by the terms of which they were bound, but that said writing was presented simply for the purpose of furnishing evidence as to the value of such of the materials as had been supplied under its terms. Furthermore, it appears that the writing itself is silent as to any warranty of the materials which would be furnished in accordance with its terms; and this being so, the admission of parol evidence as to the existence, either of oral warran-

ties made during the inception of the transaction between the parties, or of such implied warranties as arose by operation of law from the making of either oral or written agreements between the manufacturer and the purchaser of such materials as furnished the subject matter of the transaction between the parties, could not be held to vary the terms of the written agreement in question. It was not error, therefore, for the court to admit such evidence.

The next contention of the appellants is that the court erred in the instructions which it gave to the jury with respect to the existence and nature of the plaintiff's warranty of the said materials. We have examined the instructions to which the appellant urges its several objections, and we are unable to perceive any respect in which they are erroneous in view of our above conclusion that the court properly admitted evidence of an express warranty between the parties. The particular instruction to which the appellant objects, and which has reference to the implied warranty which arises upon the sale of materials by sample, we do not find to be objectionable in view of the evidence presented in the case as to the materials furnished under the earlier oral understanding of the parties and which were sold by sample and were, according to the evidence of the defendants, purchased upon the assurance that the materials furnished would be similar to the samples displayed.

While we have thus considered the instructions to which the appellant objects, we have not been unmindful of the objection to their consideration, which the respondent urges, and we think said objection to be well taken.

[2] The record herein discloses that this appeal was taken upon the alternative method provided in section 953a of the Code of Civil Procedure, by the terms of which section the appellant is required to furnish a reporter's transcript of the testimony in the case, of the rulings of the court, of the instructions, and of all such objections and exceptions of counsel as occur during the trial of the cause. This transcript, when so prepared by the reporter, is to be presented to and certified by the judge, and when so presented and certified it becomes a part of the judgment-roll in the case, and is to be considered on appeal in lieu of the bill of exceptions. The record herein discloses that the instructions given by the court were wholly omitted from the

reporter's transcript, but were included in the clerk's transcript herein; but, although thus included and made apparently a part of the record upon this appeal, there is nothing before us to show that the body of instructions thus embraced in the clerk's transcript were ever certified by the trial judge to be correct or to be the instructions which were actually given upon the trial of the cause. It is true that throughout the copy of said instructions, which has been thus presented to us, there appears at the foot of each instruction the notation in typewriting, "Given, Sloane, Judge," or "Refused, Sloane, Judge," or "Given as amended by erasure and interlineation, Sloane, Judge," but these notations, while supposedly made by the trial judge in the course of his consideration of the instructions proffered by the respective parties to the case, furnish no evidence, and certainly amount to no certificate as to which of said instructions were actually given or refused. The record as to these instructions being thus lacking in the certificate of the trial judge required by section 953a of the Code of Civil Procedure, we are satisfied that they are not the proper subject of consideration by this court, and that the objection of the respondent to their consideration, or to any alleged error or errors embraced therein, must be sustained.

No other error appearing in the record, the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.