[Civ. No. 5454. First Appellate District, Division One.—July 1, 1926.]

JACOB FINKELSTEIN, Appellant, v. JOHN E. COSGROVE et al., Respondents.

[1] APPEAL—RECORD—INSTRUCTIONS—SECTION 953A, CODE OF CIVIL PROCEDURE.—In order to be available on appeal, under section 953a of the Code of Civil Procedure, instructions offered by the parties at the trial of the action must be included in the reporter's transcript and made a part of the record by the action of the trial court including them therein and certifying them to be correct.

[2] ID.—OMISSION OF INSTRUCTIONS FROM RECORD—MISTAKE—RELIEF. If instructions offered by the parties at the trial of the action are omitted from the reporter's transcript through mistake, inadvertence, or neglect, application for relief in the first instance must be made to the trial court, and in the absence of its action thereon their insertion in the transcript would add nothing to the authentic record on appeal.

(1) 4 C. J., p. 424, n. 80, p. 445, n. 62.    (2) 4 C. J., p. 495, n. 85.

MOTION for diminution of record on appeal from a judgment of the Superior Court of the City and County of San Francisco. Walter E. Herzinger, Judge Presiding. Motion denied.

The facts are stated in the opinion of the court.

G. C. Ringole and Samuel D. Hamburg for Appellant.

Sloss, Ackerman & Bradley and Sloss & Ackerman for Respondents.

CASHIN, J.—A motion, upon suggestion of diminution of the record, to insert in the transcript now on file in this court instructions offered by the parties at the trial of the action in order that the record shall show at whose request certain of the court's instructions to the jury were given.

The record on appeal was prepared under the provisions of section 953a of the Code of Civil Procedure, and the motion is accompanied by copies of forms of instructions certified by the clerk of the trial court to be true copies of "defendants' instructions" filed in his office.

[1] These papers, in order to be available on appeal, should have been included in the reporter's transcript and made a part of the record by the action of the trial court including them therein and certifying them to be correct. (*Tracy Brick & Art Stone Co.* v. *Wurster*, 44 Cal. App. 652 [187 Pac. 125]; *Martin* v. *Pacific Gas & Elec. Co.*, 195 Cal. 544 [234 Pac. 321].) [2] As held in the case last cited, if through mistake, inadvertence, or neglect they were omitted therefrom application for relief in the first instance should have been made in the trial court; and

2. See 2 Cal. Jur. 679.

in the absence of its action thereon the insertion of the papers in the transcript would add nothing to the authentic record on appeal. The motion is denied.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1926.