·[Civ. No. 3226. Third Appellate District.—October 27, 1927.]

ANGELO TURANO, Appellant, v. LANSING B. BAILEY, Respondent.

Gumpert & Mazzera for Appellant.

Glenn West for Respondent.

FINCH, P. J.—In appellant's opening brief it is said: "Plaintiff . . . sued defendant . . . for the sum of $557.81, the amount alleged due from respondent on a carload of grapes No. PFE 14632, alleging it was one of fifteen cars which respondent had purchased from appellant and which had not been paid for. Respondent filed a cross-complaint, alleging that plaintiff was indebted to him in the sum of $960.64, moneys advanced by defendant for plaintiff's use and benefit, denying the fact that any sale had been made to defendant. The jury denied plaintiff any relief and brought in a verdict for the defendant in the sum of $960.64, plaintiff moved for a new trial, which was denied and now appeals from the judgment of the court. The sole issue to be determined is whether or not the transaction in the sale of the fifteen cars, of which No. PFE 14632 was one, constituted a sale from appellant to respondent or whether the respondent was merely acting throughout as appellant's agent."

■ The evidence is substantially conflicting upon the issue stated and therefore the implied finding of the jury in favor of defendant is conclusive on appeal. The defendant testified positively that he did not purchase the grapes in question, but that he sold them for the plaintiff pursuant to an agreement between the parties to the effect that he should do so. Appellant argues at considerable length that such testimony of defendant is discredited and overcome by other evidence. The argument goes to the weight of the evidence and defendant's credibility as a witness rather than to the sufficiency of the evidence to support the verdict. The jury, in returning a verdict for the defendant, and the trial court, in denying a new trial, impliedly found against appellant's contention. The matter being peculiarly within their province, their finding cannot be disturbed by this court.

■ Exception is taken to the giving and refusing of instructions by the trial court. This appeal was taken pursuant to the provisions of section 953a of the Code of Civil Procedure. The instructions are not included in the reporter's transcript, certified by the trial judge, but in the clerk's transcript, certified by the clerk only. Not being authenticated as provided by law, the instructions cannot be reviewed on this appeal. (*Tracy Brick etc. Co.* v. *Wurster*, 44 Cal. App. 652 [187 Pac. 125]; *Martin* v. *Pacific Gas & Elec. Co.*, 195 Cal. 544 [234 Pac. 321]; *Finkelstein* v. *Cosgrave*, 78 Cal. App. 582 [248 Pac. 704].) Notwithstanding the want of power to reverse the judgment on account of errors, if any, in giving or refusing instructions, they have been carefully examined and the rulings of the court in relation thereto appear to be free from error.

Appellant contends that the court erred in admitting in evidence "18 car files." The following appears in the record. "Note: The car files are too voluminous to copy into the transcript." Appellant has not called attention to anything in the record to indicate the contents of the car files and nothing in that connection has been discovered. ■ It cannot be presumed on appeal that the appellant has been prejudiced by the introduction of evidence which does not appear in the record. It may have been entirely favorable to him.

Scattered through the record are fifteen telegrams constituting negotiations between the defendant and purchasers or prospective purchasers of the plaintiff's grapes. In appellant's brief it is said: "Counsel for plaintiff objected to the introduction in evidence of all telegrams which passed between the defendant and third parties, purporting to show that defendant was acting as agent and not as purchaser. . . . All of these telegrams . . . were admitted in evidence and we submit that that constituted prejudicial error." Appellant has failed to print in his brief, as required by the provisions of section 953c of the Code of Civil Procedure, or to call attention to the portions of the record on which he relies to show that the court committed error in admitting the telegrams in evidence. He refers to the page of the record upon which his objection to the evidence appears. In relation to the telegrams referred to in that part of the transcript, the defendant testified: "On or about October 10th, I said, 'Angelo, I have drawn up this contract covering this 15 car deal,' and he interrupted and said, 'Well, no contract is necessary.' I said, 'Never mind this is a contract, we had better get down to business on it,' and I proceeded to read the contract to him. He said, 'Oh, we both live in this town, we understand each other, we are reliable citizens, we don't need any contract, these telegrams are enough.' He had seen all the telegrams." This testimony related to a time before the shipment of the grapes and was sufficient foundation for the admission of the telegrams in evidence. Appellant does not call attention to the admission of any telegram without the laying of a similar foundation.

The case appears to have been carefully tried and there is nothing in the record to show that the jury and the trial court arrived at an erroneous conclusion from the conflicting evidence.

The judgment is affirmed.

Weyand, J., *pro tem.*, and Plummer, J., concurred.