[Crim. No. 1693. First Appellate District, Division Two.—October 6, 1932.]

In the Matter of the Application of JASPER CROW for a Writ of Habeas Corpus.

Harry I. Stafford and Dean Cunha for Petitioner.

J. Frank Murphy, District Attorney (Santa Cruz), and Simon M. Collins, Deputy District Attorney, for Respondent.

SPENCE, J.—Petitioner seeks his release on *habeas corpus* from confinement for an alleged contempt for failure to answer certain questions as a witness in the trial of one G. E. Grosse.

This is a companion case to *In re Crow,* (No. 1692) *ante,* p. 617 [14 Pac. (2d) 918], the opinion in which has been this day filed. Petitioner is the husband of said Alice Crow. After being sworn and asked the usual preliminary questions, he was asked: ''Now I will ask you if on or about the 11th day of July, 1932, you had occasion to go to the office of Dr. Grosse?'' He replied: ''I refuse to testify on the ground that I might incriminate myself.'' The trial court directed petitioner to answer, saying: ''There is nothing that appears by the question that could have any possible tendency to incriminate or degrade you.'' The witness still refused to answer. He was then asked: ''Did you with any other person on or about the 11th day of July, 1932, go to the office of Dr. Grosse?'' The petitioner again refused to answer upon the same ground. The trial court directed petitioner to answer this question, but he again refused. He was adjudged guilty of contempt and ordered into custody.

Considering the nature of the indictment, charging an offense by the defendant doctor committed on the person of the wife of petitioner, together with the nature of the questions propounded, we are of the opinion that petitioner could properly refuse to answer on the ground that his answers might incriminate him without any further showing to ''make it appear'' that his answers would have such tendency. This is true because it was apparent that his answers might have a tendency to subject him to punishment as an accomplice. The trial court could not say that they would not and petitioner should not have been directed to reply. It may be pointed out that petitioner was not in the position of a witness having no connection with any person named in the indictment. He was the husband of the person upon whom the violation of section 274 was

alleged to have been committed and the obvious purpose of the questions was to place him on the scene at the time.

For the reasons stated, together with those set forth in the opinion of *In re Crow* (No. 1692), the petitioner is discharged.

Nourse, P. J., concurred.