[Crim. No. 1692.   First Appellate District, Division.Two.—October 6, 1932.]

In the Matter of the Application of ALICE CROW for a Writ of Habeas Corpus.

Harry I. Stafford and Dean Cunha for Petitioner.

J. Frank Murphy, District Attorney (Santa Cruz), and Simon M. Collins, Deputy District Attorney, for Respondent.

SPENCE, J.,—Petitioner seeks her release on *habeas corpus* from confinement for an alleged contempt based upon her failure to answer certain questions as a witness in the trial of G. E. Grosse.

Said G. E. Grosse was charged by indictment under section 274 of the Penal Code with using instruments upon

petitioner in the month of July, 1932, with the intent thereby to procure a miscarriage. Petitioner and her husband were called as witnesses upon the trial. The district attorney, after certain preliminary questions, asked petitioner: "Now coming down to the month of July, 1932, did you have occasion during that month to visit the office of Dr. Grosse?" She answered: "I refuse to testify on the ground that I may incriminate myself." A discussion followed between court and counsel in which the court recognized that the witness had a "constitutional right", but declared that there was nothing on the face of the question "which shows it would have any tendency to incriminate her". Counsel for defendant Grosse finally said: "We have no objection to the witness answering as to whether she went to Dr. Grosse's office," and the witness, after being directed to answer by the court, replied to the question in the affirmative. She was then asked: "Who was with you on that occasion?" To which she replied: "I still refuse to answer on the ground I might incriminate myself." The court was of the opinion that "the question at this stage would develop nothing that would tend to incriminate the witness" and instructed her to answer. The question was re-read and the witness again refused to answer it, restating the same ground for her refusal. She was further asked: "What was the date, to the best of your recollection, of your visit to Dr. Grosse's office?" She stated: "I still refuse to answer." The trial court found the witness guilty of contempt and ordered her into custody.

Petitioner urges several grounds for her release, but we need consider only one of them. It is petitioner's contention that it was her right and privilege to decline to answer the above-mentioned questions under article I, section 13, of the Constitution, and section 2065 of the Code of Civil Procedure. In our opinion this contention must be sustained. Said constitutional provision has been construed in *In re Tahbel,* 46 Cal. App. 755 [189 Pac. 804]. Said section 2065, relating to witnesses, reads in part: " . . . but he need not give an answer which will have a tendency to subject him to punishment for a felony". Section 275 of the Penal Code provides in effect that any

woman who submits to an illegal operation is guilty of a felony.

The authorities on the general subject under discussion are quite exhaustively considered in *In re Berman*, 105 Cal. App. 37 [187 Pac. 125]. The object of such constitutional and statutory provisions as our own is stated on page 46 as follows: ''The object of the law is to afford to a party, called upon to give evidence in a proceeding *inter alios*, protection against being brought by means of his own evidence within the penalties of the law.'' It is clear, however, as indicated in the opinion that a witness may not arbitrarily refuse to answer a question on the ground that his answer might incriminate him when the court can determine as a matter of law that ''no direct answer which the witness may make can tend to incriminate him''. But here any direct answer showing that petitioner was present at the time and place that the offense was alleged to have been committed upon her by the defendant doctor would certainly ''have a tendency'' to subject her to punishment under section 275 of the Penal Code.

The questions propounded here were not as contended by the district attorney merely ''preliminary questions'', the answer to which could have no tendency to incriminate the petitioner. It is quite possible that the prosecution had sufficient evidence without the testimony of petitioner and her husband to establish all the necessary facts except the identity of the party upon whom the operation was performed and that the identity could not be established without their testimony. It is further possible that the only questions which the prosecution desired to ask of the witnesses were those which would establish the fact that petitioner and her husband were the persons who came to the office of the defendant doctor at the time alleged for the purpose of requesting that the operation be performed and having petitioner submit thereto at the hands of the defendant. Under such circumstances the answers to the questions propounded might be the only link required to complete the chain of evidence necessary to convict the defendant doctor under said section 274 as charged and also to convict the petitioner in a separate prosecution under said section 275.

The position taken by the district attorney is somewhat similar to that taken by the prosecuting attorney in the federal case quoted on page 45 of the opinion in *In re Berman, supra,* where it is said: " 'According to their statement a witness can never refuse to answer any question unless that answer, unconnected with other testimony, would be sufficient to convict him of a crime. This would be rendering the rule almost perfectly worthless. Many links frequently compose that chain of testimony which is necessary to convict any individual of a crime. It appears to the court to be the true sense of the rule that no witness is compellable to furnish any one of them against himself. It is certainly not only a possible but a probable case that a witness, by disclosing a single fact, may complete the testimony against himself, and to every effectual purpose accuse himself as entirely as he would by stating every circumstance which would be required for his conviction. That fact of itself might be unavailing, but all other facts without it would be insufficient. While that remains concealed within his own bosom he is safe; but draw it from thence, and he is exposed to a prosecution. The rule which declares that no man is compellable to accuse himself would most obviously be infringed by compelling a witness to disclose a fact of this description.' "

We are therefore of the opinion that the trial court erred when it determined as a matter of law that petitioner's answers to the questions propounded could have no tendency to incriminate her. They clearly might have such tendency and it was petitioner's right and privilege to decline to answer any of the above-mentioned questions upon the ground stated. We fully realize the difficulty encountered in the prosecution of cases under section 274 of the Penal Code when those present and capable of establishing the facts are unwilling to testify because of fear of subjecting themselves to prosecution. But the constitutional and statutory guaranties accorded to petitioner cannot be swept aside merely because they may result in making difficult, or even impossible, the conviction of the accused.

*In re Rogers,* 129 Cal. 468 [62 Pac. 47], is cited in support of the action of the trial court, but we find nothing in the opinion in that case contrary to the views herein

expressed. There the grand jury was considering a charge against a third person and there was nothing in the question itself nor in the surrounding circumstances to indicate that it could have any tendency whatever to incriminate the witness. Under the facts the court held that the witness was required to answer unless he made it appear that his answer ''might at least have that tendency''. Here the obvious purpose of the questions was to show that petitioner was present at the time and place when the offense was alleged to have been committed upon her person and it was unnecessary for petitioner to make it appear that answers favorable to the prosecution would have a tendency to incriminate her as this was apparent under the circumstances.

The petitioner is discharged.

Nourse, P. J., concurred.