[Civ. No. 9386.   Third Dist.   Jan. 6, 1959.]

GEORGE L. NELSON, Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

Leonard P. Burke for Appellant.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, and William T. Chidlaw, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—An accusation was filed with the Department of Alcoholic Beverage Control charging George L. Nelson, doing business as California Club, the possessor of a general on-sale liquor license, with six violations of the Alcoholic Beverage Control Act. Count I of the accusation charges the keeping of a disorderly house between November 10, 1955, and November 26, 1955. Count II charges that the appellant on the 10th day of November, 1955, permitted one Frances Patterson to solicit an act of prostitution. Count III charges that appellant on the 12th day of November, 1955, permitted one Sally Franklin to solicit an act of prostitution. Count IV charges that appellant on the 17th day of November, 1955, permitted one Ruth Rose to solicit an act of prostitution. Count V charges that appellant between November 10 and November 26, 1955, permitted his licensed premises to be used ''as a resort for illegal possessors or users of narcotics, prostitutes, pimps and panderers,'' and Count VI charges that on November 26, 1955, appellant permitted his licensed premises to be used by one Yvonne Joyner, a known prostitute, to solicit an act of prostitution.

After a hearing upon the accusations, the Department of Alcoholic Beverage Control, hereinafter referred to as the department, rendered its decision finding the charges to be true and revoked appellant's license separately and severally as to each count, and the Alcoholic Beverage Control Appeals Board affirmed the department's decision. The appellant then sought a writ of mandate in the superior court. The court affirmed the decision of the department and denied a peremptory writ of mandate. The appellant has appealed from the judgment of the superior court.

As stated by the trial court, it appears from the evidence ''that from November 10th to November 26th, 1955, the premises operated by petitioner were, during the late evening and early morning hours, frequented by known prostitutes, pimps, and panderers and a known narcotics addict, also a known panderer. It is also clear from the evidence that during said

*Assigned by Chairman of Judicial Council.

period the known prostitutes solicited patrons of the establishment and liquor control agents on those portions of the premises upon which the activities permitted by the license were conducted. The activities stated were not only known to the bartender, an employee of the petitioner, but were, in fact, encouraged and participated in by him while he was engaged in the course and scope of his employment with petitioner and while on the premises.''

Appellant does not question the sufficiency of the evidence to support Counts I and V.

The appellant contends that to revoke his license for the acts of his employees is a violation of ''substantive and procedural due process.'' He argues that, impliedly at least, he, as a licensee, had no knowledge that prostitutes were frequenting his premises or that they were soliciting acts of prostitution. While it is true that there is no direct evidence that the petitioner was personally aware of the stated activities, although on two evenings he was present on the premises when the activity was being carried on, he was aware that there had been a substantial increase in the number of women patronizing the business, a fact which pleased him as he testified that ''a bar without a girl in it is a dead bar.'' In *Mantzoros* v. *State Board of Equalization,* 87 Cal.App.2d 140 [196 P.2d 657], the court held that the licensees could be liable for the action of their employees in making a sale after hours even though it was not shown that the sale was known to, or directed or authorized by the licensees. ''. . . The licensee, if he elects to operate his business through employees must be responsible to the licensing authority for their conduct in the exercise of his license, else we could have the absurd result that liquor could be sold by employees at forbidden hours in licensed premises and the licensees would be immune to disciplinary action by the board. . . . [Citing cases.]'' (Also see *Karides* v. *Department Alcoholic Bev. Control,* 164 Cal.App.2d 549 [331 P.2d 145] ; *Swegle* v. *State Board of Equalization,* 125 Cal.App.2d 432 [270 P.2d 518] ; *Endo* v. *State Board of Equalization,* 143 Cal.App.2d 395 [300 P.2d 366].)

Appellant also contends that the department does not have jurisdiction to consider a case arising under section 25601 of the Alcoholic Beverage Act, since a violation of that section constitutes a misdemeanor and should be tried in a court of law. There is no merit in this contention. Section 24200, subdivision (b), provides that one of the grounds for

revoking a license is: "[V]iolation . . . by a licensee of this division," that is division 9 of the Business and Professions Code. Section 25601 is part of that division, and it is quite clear that any conduct constituting a violation of any of the sections of the Alcoholic Beverage Control Act is a ground for the suspension or revocation of the license. Further, this is a civil proceeding, not a criminal prosecution; hence the fact that section 25601 constitutes a misdemeanor does not limit the power of the department to proceed where the facts are such as to bring it within the provisions of the section. The constitutional provisions and cases relating to criminal proceedings cited by appellant are not applicable.

Appellant also contends that the hearing office committed prejudicial error in admitting into evidence the record of Don Taylor, appellant's bartender, for the crime of pandering. (Exhibit E.) The exhibit was not before the trial court, nor is it a part of the record on this appeal. ■ "It cannot be presumed on appeal that the appellant has been prejudiced by the introduction of evidence which does not appear in the record." (*Turano* v. *Bailey,* 86 Cal.App. 402, 404 [260 P. 841].)

Appellant also contends that Counts II, III, IV and VI do not state a cause of action and that the findings of fact as to said counts do not support the accusation. Apparently, this contention is based upon the failure to set forth in each of the above mentioned counts an allegation that the acts of solicitation for the purpose of prostitution occurred on the licensed premises. The findings are essentially in the words of the accusation.

■ While section 11503 of the Government Code provides that the charges shall set forth in ordinary and concise language the acts or omissions with which the licensee is charged, to the end that the licensee will be able to prepare his defense, and the accusation shall specify the statutes and rules which the licensee is alleged to have violated, but shall not consist merely of charges phrased in the language of the statutes and rules, nevertheless, in administrative proceedings, as stated in *Wright* v. *Munro,* 144 Cal.App.2d 843, 848 [301 P.2d 997], "the courts are more interested with fair notice to the accused than they are to adherence to the technical rules of pleading."

■ While Counts II, III, IV and VI do not, standing alone, fully comply with the requirements of section 11503, Counts I and V do allege specifically that the acts therein

complained of occurred on the licensed premises. Further, the accusation referred to section 25601 of the Alcoholic Beverage Control Act which can only be violated by acts occurring on the premises or in conjunction with the premises. Nor did the appellant at any time prior to the hearing complain of the deficiency of the accusation. While the appellant filed objections under section 11506 of the Administrative Procedure Act, there was no contention that the accusation was uncertain in that it could not be determined therefrom where the acts charged occurred. This is indicative that he was in no way misled or prejudiced. A reading of the transcript of the evidence clearly shows that the case was tried on the theory that all of the acts complained of occurred on the premises, and the evidence substantially supports such theory. ■ When a case is tried on the "assumption that a cause of action is stated, that certain issues are raised by the pleadings, that a particular issue is controlling, . . . neither party can change this theory for purposes of review on appeal." (3 Witkin, California Procedure, 2264.)

■ Even if it could be said that Counts II, III, IV and VI were insufficient and prejudicially defective and that the findings pertaining to said counts were not supported by substantial evidence, the judgment, nevertheless, would still have to be affirmed since the license was revoked on each of the six counts separately, severally and collectively. When a penalty is imposed on each of several counts in such manner, the court need only find that one of the several counts is sufficient. (*Genser* v. *State Personnel Board,* 112 Cal.App.2d 77 [245 P.2d 1090].)

We conclude that there is no merit in this appeal and that the judgment must be and it is affirmed.

Van Dyke, P. J., and Peek, J., concurred.