STATE EX REL. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA v. ANNIE SMITH, CLAIMANT, S. S. No. 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, DOCKET No. 1831, AND THE FLI-BACK COMPANY, EMPLOYER.

(Filed 1 February, 1952.)

**1. Master and Servant § 60—**

Testimony to the effect that claimant was discharged because she was not keeping up with her work as she should, although she was doing the best she could, *is held* to support a finding of the Employment Security Commission that she was fired for inefficiency, notwithstanding other evidence tending to show that she was fired for misconduct.

**2. Master and Servant § 62—**

The findings of fact of the Employment Security Commission in a proceeding for unemployment compensation are conclusive when supported by any competent evidence. G.S. 96-4 (m).

APPEAL by The Fli-Back Company, employer, from *Sharp, Special Judge,* 12 February, 1951 Term, GUILFORD (High Point Division).

This action arises out of a claim for unemployment compensation filed by Annie Smith, a former employee of The Fli-Back Company.

The Fli-Back Company appeals from the judgment of the Superior Court affirming the findings and judgment of the Employment Security Commission of North Carolina. The proceeding originated before the Commission under G.S. 96-15 for the purpose of determining the eligibility of Annie Smith for unemployment compensation. Her claim was filed on 10 July, 1950.

After the necessary preliminary steps, a formal hearing was held before the full Commission, and upon the evidence taken and considered, the Commission on 21 November, 1950, rendered its findings and judgment, the pertinent parts of which are as follows:

"The facts in this case establish that for eighteen months the claimant has been a slow worker and does not have the dexterity to perform her duties with dispatch. She was assigned to a new type of work on June 26, 1950; namely, stacking paddles. The employer requested her on several occasions during the day to 'speed up.' She informed the supervisor that she was doing the best she could. The next day, the supervisor thought that the claimant was not keeping up with her work like she should; therefore, about 3:00 p.m. on June 27, 1950, he discharged her.

"Mere inefficiency or failure in good performance as the result of inability is not 'misconduct' within the meaning of the statute. In this instant case, the evidence does not disclose that the claimant's acts were willful or that there was a breach of the duties she owed to the employer as an employee. It is concluded that the claimant was discharged for cause but not for misconduct in connection with her work; therefore, no penalty shall be inflicted for the separation.

"The claimant is able to work and available for work. During the life of this claim, she sought work weekly and was successful in securing employment on her own initiative. Having established to the satisfaction of the Commission that she has been actively seeking work, it is further concluded that the claimant shall be paid benefits under this claim.

"It is now, therefore, ordered and determined that the claimant is eligible for benefits under this claim filed on July 10, 1950, and she shall be paid benefits thereon in accordance with her claim record."

A notice of appeal was duly and properly entered by The Fli-Back Company, employer, for review by the Superior Court of Guilford County (High Point Division), and when the matter came on for hearing, the decision of the Commission was in all respects affirmed by the Superior Court. The employer excepted and appealed to the Supreme Court, assigning errors.

W. D. Holoman, R. B. Overton, R. B. Billings, and D. G. Ball for Employment Security Commission of North Carolina, appellee.

J. Allen Austin and E. F. Upchurch, Jr., for employer, The Fli-Back Company, appellant.

VALENTINE, J. Did the court below commit error in affirming the findings and judgment of the Employment Security Commission? This is the sole question here presented.

There was testimony that Carter, office manager of the employer, took claimant to the office of the President to discuss her work and that while there she "sassed" Mr. Gibson, the President, pointed her finger at him and dared him to "fire" her. But the claimant denies this and Gibson at one time testified, "I fired her because she didn't do her work." On this conflicting testimony, the Commission found the facts as set out in the record. Since there is competent evidence in the record to support the findings as to the cause of the discharge, the findings are conclusive and binding in this Court.

It is provided by statute that the determination of the Employment Security Commission as to the eligibility of a claimant under the Act is "conclusive and binding as to all questions of fact supported by any competent evidence." G.S. 96-4 (m); Unemployment Compensation Com. v. Willis, 219 N.C. 709, 15 S.E. 2d 4; Graham v. Wall, 220 N.C. 84, 16 S.E. 2d 691; Employment Security Com. v. Roberts, 230 N.C. 262, 52 S.E. 2d 890; Employment Security Com. v. Distributing Co., 230 N.C. 464, 53 S.E. 2d 674.

It is made manifest by an examination of the record that the court below was correct in approving and affirming the findings and decision of the Commission, in view of the fact that such findings and decision were supported by competent evidence. The Commission found from the evidence that the claimant although a slow worker and without sufficient dexterity to perform her work with dispatch was retained by her employer for eighteen months prior to her discharge and that it was only when she was assigned to a new type of work on 26 June, 1950, that her services were sufficiently unsatisfactory to warrant her discharge.

The appellant complains that the Commission and the court below committed error in defining the term "misconduct" as used in the statute. The Commission concluded that "mere inefficiency or failure in good performance as the result of inability is not 'misconduct' within the meaning of the statute." The findings further state that the "claimant's acts were not willful or that there was a breach of the duties she owed to the employer as an employee." The Commission concluded that "the claimant was discharged for cause but not for misconduct in connection with her work," and that "no penalty shall be inflicted for the separation."

Since there was sufficient evidence to support the finding that the claimant was discharged for inefficiency, it is unnecessary for us to define or discuss the meaning of the term "misconduct."

Upon appeal to the Superior Court the findings and conclusions of the Commission were in all respects approved and confirmed and judgment was accordingly rendered. Upon this record, we see no reason to disturb that judgment. Therefore, the judgment of the court below is

Affirmed.