[Civ. No. 23452.  Second Dist., Div. Two.  Mar. 30, 1959.]

SOL FROMBERG, Appellant, v. DEPARTMENT OF ALCO-HOLIC BEVERAGE CONTROL et al., Respondents.

Allan G. Bird for Appellant.

Stanley Mosk, Attorney General, Edward M. Belasco and Miles J. Rubin, Deputy Attorneys General, for Respondents.

ASHBURN, J.—Appeal from judgment denying petition for peremptory writ of mandate which would require respondents to set aside an order revoking petitioner's on-sale liquor license.

Petitioner's license covered a place known as Chuck's Play Room at 733 North Main Street, Los Angeles, which was operated by his bartender, Henry Mestas. Petitioner himself conducted a liquor store at 901 North Alameda Street, Los Angeles, and visited Chuck's Play Room about twice a week in the afternoon when the place was supposed to be closed. His major contention is that the license was revoked because of narcotics transactions conducted or permitted by Mestas without any showing of knowledge on appellant's part.

The accusation is in two counts, charging violation of sections 24200, subdivision (a), 24200, subdivision (b), 24200, subdivision (e), 24200.5, subdivision (a) and 25601, Business and Professions Code. The first count alleges that petitioner, the licensee, between February 3, 1956, and February 29, 1956, kept and permitted his said premises (Chuck's Play Room) to be used for purposes "which were then and there injurious to the public morals, health, convenience and safety in that said premises were a resort and place of contact for illegal users, possessors and sellers of narcotics, and a place where illegal sales of narcotics were made, the dates of such sale being set forth in Count II hereof." Count II alleged that during said period of time the "said licensee knowingly permitted the following illegal sales of narcotics, to-wit, heroin, upon his licensed premises." Here follows enumeration of nine sales made on February 3, 4, 7, 8, 9, 15 and 24, 1956, by different people, one of them being a sale by Henry Mestas on February 3 and one or probably two by his wife Helen Mestas; others by persons shown in the evidence to be frequenters of the place. By amendment two more sales were alleged to have been made on February 28 and 29, 1956.

The hearing officer found to be true the allegations of Count I of the accusation and added: "At all times herein mentioned Henry Mestas was the bartender of respondent; on February 3, 1956, said bartender did sell narcotics upon said premises; on February 15, 1956, and on February 28, 1956, narcotics were sold on said premises by John Almida and by a female known as 'Tina,' respectively; all of said three sales were made with the knowledge of said bartender." Concerning Count II the finding was that appellant "knowingly

permitted'' the making of the following sales: February 3, 1956 sale by Henry Mestas; February 15, 1956 sale by John Almida; February 28, 1956 sale by female known only as 'Tina.' '' The hearing officer concluded that grounds for revocation of the license were established under sections 24200, subdivision (e), 24200, subdivision (a), 24200, subdivision (b), and 24200.5, subdivision (c) [a] as to Count II. Also: ''Continuance of the on-sale general license of respondent would be contrary to public welfare and morals.''

The proposed decision was adopted by the department and upon appeal the Appeals Board affirmed. In the ensuing administrative mandamus proceeding the court found that the department's findings were supported by substantial evidence and the weight of the evidence, and were true and correct; that that decision should be sustained; that the decision of the Appeals Board was not arbitrary or unreasonable and that the Appeals Board correctly decided all the issues presented.

■ Our function with respect to sufficiency of the evidence is thus limited to ascertaining whether the findings of the department and the court are supported by substantial evidence. (*Endo* v. *State Board of Equalization*, 143 Cal. App.2d 395, 399 [300 P.2d 366].)

■ The transcript of hearing before the hearing officer discloses that counsel then representing appellant rested the defense upon lack of knowledge on Fromberg's part of what was going on in his licensed premises. Present counsel, asserting insufficiency of the evidence, complains of hearsay, conclusions and the like, but no objection whatever was made at the hearing to any item of evidence. It is of course too late to interpose such objections now.

■ The transcript fairly discloses the following facts. Appellant not only had the licensed premises known as Chuck's Play Room, at 733 North Main Street, but also had a liquor store one block away. He devoted himself to the latter activity and visited the Play Room only once or twice a week and did so during the afternoon hours when the place was supposed to be closed. Henry Mestas was his bartender there, having been hired on the recommendation of a beer salesman and having worked from December 18, 1955, until after the February events involved in this proceeding. It does not appear that Mestas had any supervision whatever. He and his wife made sales of narcotics; Fernando Chaffino, the cook, did likewise; the place was in a Mexican neighbor-

hood and was frequented by Mexican women as well as men. When police officers went there with informants they had no difficulty in procuring heroin, seem to have required no identification, were asked at times what they wanted and immediately supplied with same; they usually bought a half gram of heroin and it was produced from some supply which apparently was on the premises, same being sold at an established price of $12 per half gram. When Officer Lopez, after making a purchase from the cook, Chaffino, asked him when he could come in and "score" on this, Chaffino said "anytime." The trade seems to have been carried on with practically no secrecy. Of the twelve sales to which enforcement officers testified, three were made by or through activities of the bartender, Henry Mestas, one through his wife Elsie, three by or through Chaffino, the cook, and three through John Almida. The place had a well-earned reputation of being a hangout for addicts and pushers of narcotics. It would have been so easy for appellant to learn what was going on in his licensed premises that his claim of ignorance smacks more of conscious ignorance than of innocence.

This sort of ignorance does not square with the obligations of a licensee of premises devoted to the sale of alcoholic liquor. ■ As a matter of general law the knowledge of an employee acquired during the transaction of his employer's business is imputed to the latter with the same effect as if he had actually participated in the transaction. In *Granberg* v. *Turnham,* 166 Cal.App.2d 390, 395 [333 P.2d 423], this court said: "The fact that he may or may not have reported this information to his principal is immaterial, for he was acting in the course of his employment and the principal was charged with knowledge of information acquired by him in the transaction of her business. (2 Cal.Jur.2d, § 160, p. 855; Civ. Code, § 2332; Bus. & Prof. Code, § 10177, subd. (h).) 'An agent's knowledge of the content of a contract is imputed to his principal. [Citations.] This rule of law is not a rebuttable presumption. It is not a presumption at all. It is a rule which charges the principal with the knowledge possessed by his agent. [Citations.]' (*Columbia Pictures Corp.* v. *De-Toth,* 87 Cal.App.2d 620, 630 [197 P.2d 580].)"

■ This principle has been carried into the field of liquor licenses. Section 24200.5, subdivision (a), Business and Professions Code, says: "Notwithstanding the provisions of Section 24200, the department shall revoke a license upon

any of the following grounds: (a) If a retail licensee has knowingly permitted the illegal sale, or negotiations for such sales, of narcotics upon his licensed premises. Successive sales, or negotiations for such sales, over any continuous period of time shall be deemed evidence of such permission.''

In a case involving sale of liquor to a minor we said in *5501 Hollywood, Inc.* v. *Department of Alcoholic Beverage Control*, 155 Cal.App.2d 748, 753 [318 P.2d 820]: ''Although the licensee is not required to act at his peril, he must exercise the caution which would be shown by a reasonable and prudent man in the same circumstances. (*Keane* v. *Reilly, supra,* p. 410 [130 Cal.App.2d 407 (279 P.2d 152)].) He has an active duty in that respect. 'A licentiate conducting the sale of beverages under an on-sale license is charged with an active duty to prevent minors from consuming intoxicating liquor on the licensed premises, and if the licentiate, through an employee, has knowledge that such consumption is taking place, there arises immediately an active duty to prevent its continuance. A failure to prevent it is within the meaning of the statute a permitting of that unlawful consumption.' (*Marcucci* v. *Board of Equalization, supra,* 138 Cal.App.2d 605, 610 [292 P.2d 264].) To the same effect, see *Cornell* v. *Reilly,* 127 Cal.App.2d 178, 187 [273 P.2d 572].''

More closely pertinent to the case at bar is *Endo* v. *State Board of Equalization, supra,* 143 Cal.App.2d 395, a case dealing with illegal sale of narcotics in licensed premises, the license having been revoked. After upholding the presumption declared in section 24200.5, subdivision (a), *supra,* the court at page 401 said: ''An alternative ground for affirming the judgment of the trial court is furnished by the principle that appellant as owner and operator of the bar and as licensee is responsible for the acts of her bartender who 'knowingly permitted' the illegal sales by conducting them himself. His knowledge and permission are imputable to appellant as his employer (the owner, operator and licensee) within the scope of the principle that a 'licensed employer may be disciplined to the extent of revocation of his license for the acts of his employees.' (*Cooper* v. *State Board of Equalization,* 137 Cal. App.2d 672, 678 [290 P.2d 914]. See also *Cornell* v. *Reilly,* 127 Cal.App.2d 178, 186 [273 P.2d 572]; *Swegle* v. *State Board of Equalization,* 125 Cal.App.2d 432, 438 [270 P.2d 518]; *Mantzoros* v. *State Board of Equalization,* 87 Cal.App. 2d 140, 144 [196 P.2d 657].)'' To the same effect are *Kirchhubel* v. *Munro,* 149 Cal.App.2d 243, 249 [308 P.2d 432];

*Nelson* v. *Department of Alcoholic Beverage Control,* 166 Cal.App.2d 783, 786 [333 P.2d 771].

Counsel's contention that appellant was not afforded a fair and impartial trial finds no substantial support in the evidence.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.