[Civ. No. 18889.   First Dist., Div. Two.   Mar. 3, 1960.]

LEO E. QUILICI, Respondent, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Appellants.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Appellants.

William Klein for Respondent.

DRAPER, J.—The Department of Alcoholic Beverage Control ordered respondent's on-sale liquor license suspended for 30 days. The Alcoholic Beverage Control Appeals Board af-

firmed the decision. The superior court issued peremptory writ of mandate requiring the department to set aside its order. Department and board appeal.

At the administrative hearing a policewoman testified that on seven or eight occasions over a period of one month she had, in licensee's bar, placed bets on horseraces with licensee's bartender, Spangle. She also saw others place bets with Spangle in the bar. Spangle pleaded guilty to bookmaking. Although the policewoman occasionally saw defendant licensee in the bar, she saw no bets placed while he was present.

The question is whether disciplinary action against a licensee is warranted in the absence of some evidence of personal knowledge by him of his employee's use of the premises to violate the law. Respondent concedes that such knowledge is not always essential to support suspension or revocation of a license. This concession is compelled. (*Mantzoros* v. *State Board of Equalization,* 87 Cal.App.2d 140, 144-145 [196 P.2d 657].) But, says respondent, such cases concern only acts performed by the agent in the scope of his employment by the licensee, as the sales after hours dealt with in Mantzoros, or acts of the agent in furtherance of the licensee's business, as in permitting solicitation of drinks on commission. (*Mercurio* v. *Department Alcoholic etc. Control,* 144 Cal.App.2d 626 [301 P.2d 474].) This attempted classification falls somewhat short of accounting for the decision upholding revocation of a license on the ground that solicitation for prostitution was permitted on the premises, although direct knowledge of the practice was not brought home to the licensee. (*Swegle* v. *State Board of Equalization,* 125 Cal.App.2d 432 [270 P.2d 518].) Further, the entire argument of respondent on this point has been fully considered and rejected. (*Karides* v. *Department Alcoholic Beverage Control,* 164 Cal.App.2d 549, 552-553 [331 P.2d 145].)

We have no hesitancy in holding that the repeated acts of the employee over a period of a month establish that the licensee permitted the use of the premises for violation of the penal statute, and thus warranted the suspension ordered by the department.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied April 1, 1960, and respondent's petition for a hearing by the Supreme Court was denied April 26, 1960.