[Civ. No. 18790.   First Dist., Div. One.   May 23, 1960.]

RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al., Appellants.

Charles P. Just, Chief Counsel, Robert Gordon Scott and Robert Hessler for Appellants.

Stanley Mosk, Attorney General, Charles A. Barrett, Assistant Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Respondent.

PAULSEN, J. pro tem.*—The Department of Alcoholic Beverage Control ordered the on-sale liquor license of appellant, Arnold Weiss, revoked. The Alcoholic Beverage Control Appeals Board reversed the order. The superior court issued a writ of mandate commanding the Appeals Board to vacate its order of reversal and directed it to affirm the order of the department. The licensee and the Appeals Board appeal from the judgment.

Viewing the evidence, as we must, in the light most favorable to respondent, it appears that Weiss conducted his business in one room approximately 20 feet long and 10 feet wide located at the corner of Clay and Kearny Streets in San Francisco. He employed one clerk, Edward Cute. On September 27, 1956, Sergeant Mullan of the San Francisco Police Department, an expert on bookmaking, entered the premises and noticed that Cute had a slip of paper in his hand which he attempted to conceal. The sergeant identified the slip as a record of bets for the day and placed Cute under arrest. Cute was charged with a violation of section 337, subdivision (a) of the Penal Code and was found guilty.

After arresting Cute, Sergeant Mullan searched the premises and found old betting records and slips, not, however, of recent date.

Weiss was not on the premises at the time Cute had the slip in his possession and there was no evidence that he participated in taking bets.

When Weiss returned from lunch about 20 minutes after the arrest, he informed Sergeant Mullan that Cute was his regular clerk; that each day he and Cute were at the premises practically all day long, with the exception of the lunch hour;

*Assigned by Chairman of Judicial Council.

that he did not know Cute was bookmaking. Sergeant Mullan testified that on a half-dozen or more occasions he had told Weiss that he had information Weiss was bookmaking and that he should cease; that when he visited the premises several times before the arrest he observed Weiss standing on the corner of Clay and Kearny Streets in such a position that no one could approach the entrance to the premises without being seen by Weiss. At the hearing, both Cute and Weiss failed to testify.

As a ground of reversal, appellants contend that the order of revocation cannot stand because there was no evidence that Weiss had actual knowledge of Cute's activities.

▮▮▮ The owner of a liquor license has the responsibility to see to it that the license is not used in violation of law and as a matter of general law the knowledge and acts of the employee or agent are imputable to the licensee. (*Quilici* v. *Department of Alcoholic Beverage Control,* 178 Cal.App.2d 549 [3 Cal.Rptr. 49] [resp. petn. for hearing den. by the Supreme Court on April 26, 1960]; *Mack* v. *Department of Alcoholic Beverage Control,* 178 Cal.App.2d 149 [2 Cal.Rptr. 629]; *Fromberg* v. *Department of Alcoholic Beverage Control,* 169 Cal.App.2d 230 [337 P.2d 123]; *Nelson* v. *Department of Alcoholic Beverage Control,* 166 Cal.App.2d 783 [333 P.2d 771]; *Karides* v. *Department of Alcoholic Beverage Control,* 164 Cal.App.2d 549 [331 P.2d 145]; *Mercurio* v. *Department of Alcoholic etc. Control,* 144 Cal.App.2d 626 [301 P.2d 474]; *Endo* v. *State Board of Equalization,* 143 Cal.App.2d 395 [300 P.2d 366]; *Maxwell Cafe* v. *Department of Alcoholic etc. Control,* 142 Cal.App.2d 73 [298 P.2d 64]; *Mantzoros* v. *State Board of Equalization,* 87 Cal.App.2d 140 [196 P.2d 657].)

Appellants contend, however, that as bookmaking was not within the scope of Cute's employment, the foregoing rule does not apply. The same argument was made and rejected in *Quilici* v. *Department of Alcoholic Beverage Control, supra,* and *Karides* v. *Department of Alcoholic Beverage Control, supra.*

Appellants argue further than in the cited cases several violations were proved and as but one was proved in this case the rule does not apply. In the Mack case the court said at page 154: ''While no case involving a single act of bookmaking by a licensee's employee has been decided in California, we can see no valid reason for making any distinction between such activity and the violations charged in the Mant-

zoros and Karides cases, even though those cases involved violations of specific statutory prohibitions." In our opinion, no distinction should be made.

The rule of imputed knowledge, standing alone, was sufficient to warrant the action of respondent under the circumstances of this case, even though cases may arise where an exception to the general rule might be justified. But we do not agree with appellants that the order of revocation was based exclusively upon a single act. Only one violation was proved. However, considering the size and nature of the premises, the warning given to Weiss, his habit of watching from the street to see who entered the premises, his failure to testify in his own behalf and the strong inference of knowledge and guilt that can be drawn therefrom, there was substantial evidence to warrant the conclusion that Weiss either had actual knowledge of Cute's activities or sufficient notice to prevent them.

The judgment is affirmed.

Bray, P. J., and Duniway, J., concurred.

A petition for a rehearing was denied June 15, 1960.