[Civ. No. 24216.   First Dist., Div. Four.   July 12, 1967.]

JAMES O. REIMEL, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Appellant; EL DORADO CENTER, INC., Real Party in Interest and Appellant.

Charles P. Just and Leo K. Gallant for Defendant and Appellant.

Gerald G. Wolfson for Real Party in Interest and Appellant.

Thomas C. Lynch, Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

CHRISTIAN, J.—The Department of Alcoholic Beverage Control accused appellant, the holder of a general on sale liquor license, of permitting a bookmaking violation (Pen. Code, § 337a) at the licensed premises. After a hearing before the Office of Administrative Procedure, the department adopted the hearing officer's proposed decision that the license be suspended for 15 days. The licensee successfully appealed to the Alcoholic Beverage Control Appeals Board. The present appeal is from a judgment of the superior court directing that a writ of mandate issue commanding the appeals board to vacate its decision and reinstate the suspension order of the Department of Alcoholic Beverage Control.

The facts are not disputed. On September 7, 1963, Raymond LaFrance was working as relief bartender at the cocktail lounge in the El Dorado Bowl, a large bowling alley in Los Angeles. LaFrance's usual occupation, with another employer, was selling bar supplies. He had last worked in the licensed premises several months before. No problems developed on that occasion. On the day in question, the manager of the bowling alley visited the cocktail lounge before noon but did not return in the afternoon. A plain clothes officer of the Los Angeles city police entered at noon, took a seat at the bar and had lunch. After studying a racing form, LaFrance remarked to the officer that it was almost post time. The officer then borrowed the racing form and, after about five minutes, renewed the conversation and finally placed a $2.00 bet with LaFrance.[1]

There is no evidence that this incident was anything but an isolated transaction. LaFrance is not a bookmaker; he merely likes to play the horses. The general manager of the bowling alley, rather than LaFrance was in charge of the cocktail lounge. Neither the general manager nor any other responsible officer of the licensee had actual knowledge of the bartender's bookmaking offense. LaFrance was not prosecuted for his apparent violation of Penal Code section 337a.

[1]The officer testified that he asked if it was too late to bet on the daily double and that the following exchange occurred: "He [LaFrance] looked at his watch. He said: No. Who do you like? I read a couple of horses' names from the sheet and he said: Well, I'll take it. How much do you want? I said: I just want $2.00. He said: Okay. I laid a five-dollar bill on the bar. He took the five-dollar bill, put it in his pocket, gave me $3.00 in change. Shortly after two, or prior to that, I asked him if I won, how would I get paid. He said: Just see me. Shortly after two, he again went into the room at the back of the bar which I spoke of before and stayed a minute or so and came out and he told me: Your horse in the first, ran second."

The appeals board and the licensee contend that the penalty imposed by the department cannot be supported by evidence of a single, isolated offense by a subordinate casual employee. We hold to the contrary, and affirm the judgment directing that the appeals board vacate its decision and reinstate the 15-day suspension imposed by the department.

The Constitution of California vests in the Department of Alcoholic Beverage Control broad authority to regulate the sale of alcoholic beverages: ''The department shall have the power, in its discretion, to deny, suspend or revoke any specific alcoholic beverage license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals. . . .'' (Cal. Const., art. XX, § 22.) This grant of authority is supplemented by Business and Professions Code, section 24200, subdivision (a), which provides that a license may be suspended or revoked: ''(a) When the continuance of a license would be contrary to public welfare or morals; but proceedings under this section upon this ground are not a limitation upon the department's authority to proceed under Article XX, Section 22, of the Constitution.'' Were this a case of first impression, we might have encountered troublesome questions in determining whether the facts just related would sustain disciplinary action. But the contentions advanced by appellants have all been considered and rejected in earlier cases.

Both the constitutional and the statutory language set forth above speak in terms of the end results of a licensee's operations upon ''public welfare or morals.'' Therefore, a licensee can draw no protection from his lack of knowledge of violations committed by his employees or from the fact that he has taken reasonable precautions to prevent such violations. ''There is no requirement . . . that the licensee have knowledge or notice of the facts constituting its violation.'' (*Morell* v. *Department of Alcoholic Beverage Control* (1962) 204 Cal.App.2d 504, 513 [22 Cal.Rptr. 405]; *Munro* v. *Alcoholic Beverage Control Appeals Board* (1960) 181 Cal.App.2d 162, 164 [5 Cal.Rptr. 527].) As appellant board points out, it is true that in the *Munro* case there was circumstantial evidence that the licensee had knowledge of the bookmaking. That factor, however, was an alternative ground of decision and the court declared ''The rule of imputed knowledge, standing alone, was sufficient to warrant the action of [the department] under the circumstances of this case, even though cases may

arise where an exception to the general rule might be justified.'' (181 Cal.App.2d at 165.)

Appellant board contends that although the knowledge of the employee is imputable to the licensee in cases involving violations of the Alcoholic Beverage Control Act no such imputation should be made in disciplinary proceedings brought under the public welfare and morals provisions of the Constitution. We find no basis for such a distinction in the constitutional language; the same contentions, made by the board, were rejected in *Mack* v. *Department of Alcoholic Beverage Control* (1960) 178 Cal.App.2d 149 [2 Cal.Rptr. 629], and *Harris* v. *Alcoholic Beverage Control Appeals Board* (1961) 197 Cal.App.2d 172 [17 Cal.Rptr. 315]. In the *Harris* case, the licensee was disciplined for ''permitting'' its employee to direct a patron to a house of prostitution. The court held that even a single act is enough to impute knowledge to the licensee as a matter of law. As in the present case, the responsible manager of the licensed business was away from the premises at the moment the offense occurred. That circumstance is irrelevant in view of the obligation which the Constitution places upon the licensee to assure the operation of his business in a manner not contrary to public welfare and morals. (Also see *Ballesteros* v. *Alcoholic Beverage etc. Appeals Board* (1965) 234 Cal.App.2d 694, 699-701 [44 Cal. Rptr. 633].)

It is also not significant that LaFrance was acting outside the scope of his authority as bartender when he took the bet. It is sufficient that he acted while transacting his employer's business upon the licensed premises. (*Morell* v. *Department of Alcoholic Beverage Control, supra,* 204 Cal.App.2d 504, 514, *Harris* v. *Alcoholic Beverage Control Appeals Board, supra,* 197 Cal.App.2d 172, 181; *Mack* v. *Department of Alcoholic Beverage Control, supra,* 178 Cal.App.2d 149, 152-153.)

Appellants point out that in order for discipline to be imposed under Business and Professions Code section 24200.5 because of trafficking in drugs upon the premises, it must be shown that the licensee *knowingly* permitted the prohibited activity. It is suggested that it is incongruous to impose penalties for lesser offenses, such as bookmaking, in cases where the licensee has no knowledge of the offense. But this argument overlooks the fact that under section 24200.5 the mandatory penalty is revocation, whereas in the situations arising under the public welfare and morals clause lesser penalties may be applied in the discretion of the department.

524

 This court, the court below, and the Alcoholic Beverage Control Appeals Board are all bound by the substantial evidence rule. The department's decision must be affirmed if there is substantial evidence to support it. (*Morell* v. *Department of Alcoholic Beverage Control, supra,* 204 Cal.App.2d 504, 507.)  The court below correctly determined that the findings of the department were supported by substantial evidence. Evidence that the licensee's employee committed the act of bookmaking on the licensed premises is substantial evidence that the licensee "permitted and suffered" its employee to commit that act.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied August 11, 1967, and the petition of the defendant and appellant for a hearing by the Supreme Court was denied September 7, 1967. Peters, J., was of the opinion that the petition should be granted.