[Civ. No. 61616. Second Dist., Div. Two. May 4, 1981.]

DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,
Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,
Respondent;
ALQ CORPORATION, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, and Scott D. Rasmussen, Deputy Attorney General, for Petitioner.

Floyd R. Mitzner for Respondent.

Joshua Kaplan and Kaplan & Novodor for Real Party in Interest.

OPINION

**COMPTON, J.**—We issued a writ of review, pursuant to Business and Professions Code section 23090,[1] to consider a claim by the Department of Alcoholic Beverage Control (Department) that the Alcoholic Beverage Control Appeals Board (Board) exceeded its jurisdiction in reversing a decision of the Department, revoking the license of ALQ Corporation the real party in interest (RPI). We vacate the Board's order and affirm the decision of the Department.

RPI operates an establishment known as Star Strip under a conditional onsale liquor license issued to it by the Department. The license was conditioned pursuant to sections 143.3 and 143.4 of chapter 1, title 4 of the California Administrative Code which, inter alia, restrict the presentation of nude entertainment in establishments where food is served.

The Department filed an accusation against RPI alleging violations of the license conditions and further alleged, for purposes of fixing the penalty, that RPI had previously twice been disciplined for the same violation.

 RPI requested and obtained a hearing before an administrative law judge pursuant to the California Administrative Procedure Act (Gov. Code, § 11500 et seq.). At the hearing, RPI challenged only the

---

[1]Business and Professions Code section 23090 provides: "Any person affected by a final order of the board, including the department, may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which the proceeding arose, for a writ of review of such final order. The application for writ of review shall be made within 30 days after filing of the final order of the board."

constitutionality of the applicable provisions of the Administrative Code. The facts were stipulated. The judge issued a proposed decision which, based on the stipulated facts, found that the violations had occurred. He rejected the constitutional attack on the regulations and as a penalty proposed a suspension rather than revocation of the license.

The Department, pursuant to the authority granted to it by Government Code section 11517, subdivision (c),[2] notified RPI that the proposed decision would not be adopted and that the Department would decide the matter on the record. RPI was specifically invited to submit argument as to the "sufficiency of the penalty." The Department's ultimate decision was to revoke the license of RPI.

There is no question but what the decision of the Department was within its jurisdiction and that the evidence and findings support that decision. The only issue tendered in these proceedings arose when RPI, after receiving notice that the Department was not adopting the administrative law judge's proposed opinion and would decide the matter itself, made a sweeping written demand on the Department to supply it, inter alia, with "A copy of any inter-department communications between the personnel exercising reviewing authority under Government Code § 11517(c) and the Department representatives involved in the above-captioned pending action, including but not limited to reports of or concerning the hearing herein, comments on the proposed decision and recommendations for proposed action under Government Code § 11517(c). [Departmental representatives involved in the pending action include members of the hearing and legal unit in Los Angeles and investigators and supervisors in the district where the case originated.]"

When the Department, in writing, denied RPI's request, the latter filed a document entitled "Objection of Respondent to Department Procedures Under California Government Code Section 11517(c)" which essentially attacked the constitutionality of Government Code sections 11512 and 11517 (statutes authorizing the Department to decide cases notwithstanding the proposed opinion of the administrative law judge).

---

[2] Government Code section 11517, subdivision (c) provides in part: "If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case upon the record, including the transcript, with or without taking additional evidence, ... The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself."

In that document the RPI did not address the issue of penalty. RPI did not appear at the departmental hearing to argue the issue. RPI's constitutional arguments were of course misplaced in view of California Constitution, article III, section 3.5, which prohibits administrative agencies from declaring statutory enactments unconstitutional.

In the administrative appeal, the Board ruled that "due process of law" and Government Code section 11517, subdivision (c) required the Department to comply with RPI's demand for internal departmental documents. It was solely on this ground that the Board reversed the Department's decision.

The Administrative Procedure Act provides for discovery. (Gov. Code, §§ 11507.5-11507.7.) Those provisions, however, vest the superior court with exclusive jurisdiction to compel compliance, and all parties agree that those provisions are only applicable prior to the initial hearing before the administrative law judge. Further, the matters which are discoverable, as listed in Government Code section 11507.6, do not include the matters which RPI demanded in this case.

In the proceedings before us the principal defense of the Board's decision has been advanced by counsel for the Board itself. That defense is based, not on a right of discovery, but on the Board's interpretation of the language in Government Code section 11517, subdivision (c) that "The agency itself [Department] shall decide no case . . . without affording the parties of the opportunity to present . . . argument before the agency . . . ."

According to the Board, this provision *requires* that the Department itself present an argument for rejecting the proposed decision, which argument must, as a part of "due process" be furnished to the licensee so that the latter can present an argument in response thereto. The Department's "argument," it is contended, is contained in the interdepartmental communications which RPI demanded.

In our opinion, this view stems from the Board's misreading of the statute, a misconception of the function and authority of the Department, the nature of administrative regulation and the concept of due process of law.

First, the statute requires only that a party be *afforded an opportunity* to present an argument to the agency. It does not mandate that any

argument in fact be presented. Beyond that, the statute cannot reasonably be interpreted as requiring that the agency to whom the argument is addressed, present an argument to itself. The Board's idea that due process is somehow involved is based on the requirement of notice. It appears to us, however, that a licensee who has participated in a hearing before the administrative law judge, and is later notified that the Department does not intend to adopt the proposed decision of the administrative law judge, has ample notice of what he is facing. It would not take much imagination to prepare an argument in defense of the proposed opinion.

At the heart of the Board's argument is its view, unsupported by anything other than its own notion, that the Department is in fact two separate departments, one which prosecutes accusations against licensees and one which adjudicates the merits of those accusations.

Building on that concept, the Board contends that the opinions and recommendations communicated by one part of the agency to another constitutes the "argument" of which RPI is entitled to be informed. This is contrary to the most fundamental rules of the executive decision-making process.

Article XX, section 22 of the California Constitution provides, inter alia, "The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with laws enacted by the Legislature, to license the manufacture, importation and sale of alcoholic beverages in this State, . . ." The director of the Department is designated as the head of that agency, thus any action or decision of the Department is in reality an action or decision of the director in the exercise of his constitutional authority. The Constitution, in creating the Department, establishes a unitary agency and the Legislature has enacted no statute which detracts in any way from the unitary character of the Department.

Neither the internal organization of the Department, nor the delegation of duties by the director to his subordinates, can have the effect of diluting or bifurcating his ultimate unitary authority in the field.

■ It is in the nature of administrative regulatory agencies that they function both as accuser and adjudicator on matters within their particular jurisdiction. Administrative agencies are created to interpret and enforce the legislative enactments applicable to the field in which they

operate. That role necessarily involves the administrative agency in both determining when a licensee is in violation of the law, and taking action to correct such violations.

Due process requires generally that in enforcement actions taken by the administrative agency, the person affected be given notice and a right to be heard along with an opportunity for judicial review to insure against arbitrary and capricious action.

The creation of the Board to hear appeals from decisions of the Department is a fairly recent innovation which was not demanded by the requirements of due process of law. ■ The Board serves as an intermediate administrative appellate tribunal primarily in order to lighten the burden on the courts. Its scope of review is limited in the same manner as the courts.[3] It was not created to exercise supervisory or policy-making control over the Department. The ultimate authority and responsibility for the control of the alcoholic beverage industry in California still rests with the Department.

■ The determination of whether good cause exists for the granting, denying, suspending or revoking of a license is a matter for the discretion of the Department and not the Board or the courts. (*Kirby* v. *Alcoholic Bev. etc. Appeals Bd.* (1972) 7 Cal.3d 433 [102 Cal.Rptr. 857, 498 P.2d 1105].)

Due process requires that in each case the Department's decision be based upon a record which indicates that the licensee had notice of the Department's proposed action and right to be heard; that the Department made adequate findings (see *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506 [113 Cal.Rptr. 836, 522 P.2d 12]) which supports its decision, and that substantial evidence supports those findings.

■ ■ Review of the decision by either the Board or the courts is confined to a determination of whether the record in its entirety sup-

---

[3]California Constitution, article XX, section 22 provides in part: "[T]he board shall not receive evidence in addition to that considered by the department. Review by the board of a decision of the department shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record."

ports the Department's decision. (*Reimel* v. *Alcoholic Bev. etc. Appeals Bd.* (1967) 252 Cal.App.2d 520 [60 Cal.Rptr. 641]; *Walsh* v. *Kirby* (1974) 13 Cal.3d 95 [118 Cal.Rptr. 1, 529 P.2d 33].) The record which is thus reviewed is that which was before the Department at the time of its decision.

Government Code section 11517, subdivision (c) provides that the Department, in deciding the case itself, after rejecting the proposed opinion of the administrative law judge, should do so on the *record*, with or without taking additional evidence. The record referred to is that generated in the hearing before the administrative law judge. Of course if additional evidence is taken that, too, would become a part of the record upon which the Department acts.

The California Administrative Procedure Act has itself withstood claims of violation of due process of law. (*Hohreiter* v. *Garrison* (1947) 81 Cal.App.2d 384 [184 P.2d 323]; *Shakin* v. *Board of Medical Examiners* (1967) 254 Cal.App.2d 102 [62 Cal.Rptr. 274, 23 A.L.R.3d 1398]; *Temple of Inspired Living* v. *Department of Social Service* (1979) 97 Cal.App.3d 564 [158 Cal.Rptr. 816].) In the present case, RPI was afforded notice of hearing and hearing and the Department prepared adequate findings which were supported by the evidence to be found in the administrative record. Neither the Board nor RPI contends otherwise.

That being the case, we find nothing in the constitutional guarantee of due process which requires or authorizes an inquiry into matters, outside of the record, which might bear on the reasoning or mental processes of the director or his subordinates in the Department. (*City of Fairfield* v. *Superior Court* (1975) 14 Cal.3d 768 [122 Cal.Rptr. 543, 537 P.2d 375]; *United States* v. *Morgan* (1941) 313 U.S. 409 [85 L.Ed. 1429, 61 S.Ct. 999].)

In summary, the material which RPI had demanded of the Department was totally irrelevant to the proceedings in which it was sought and was irrelevant to the record to which the Board was limited in its review of the Department's decision. Thus, the Board exceeded its jurisdiction in purporting to issue an order requiring the Department to comply with RPI's demand as a condition precedent to the Board's affirmance of the Department's decision.

The decision of the Board is vacated and the decision of the Department revoking RPI's license is affirmed.

Roth, P. J., and Beach, J., concurred.

The petitions of respondent and real party in interest for a hearing by the Supreme Court were decided July 24, 1981. Newman, J., was of the opinion that the petitions should be granted.