GABRIEL CELIS, PETITIONER/APPELLANT v. NORTH CAROLINA EMPLOYMENT SECURITY COMMISSION AND YATES MOTOR CO., INC., RESPONDENTS/APPELLEES

No. 8915SC420

(Filed 20 March 1990)

1. **Master and Servant § 108 (NCI3d) — unemployment compensation — voluntary quit — sufficiency of evidence**

Evidence was sufficient to support a finding by respondent that petitioner voluntarily quit his job where the evidence tended to show that petitioner was absent for two days while serving on a jury; he did not inform his supervisor that he would be absent; and although there was evidence that when he returned to work, he had a discussion with the supervisor which constituted a constructive discharge, there was also evidence to the contrary that petitioner left the job of his own free will.

**Am Jur 2d, Unemployment Compensation §§ 59, 61, 93, 94.**

2. **Master and Servant § 111 (NCI3d) — unemployment compensation — voluntary quit issue — any competent evidence standard for judicial review**

In a proceeding to recover unemployment benefits where the issue was whether petitioner was fired or voluntarily quit his job, the appropriate standard of judicial review was whether

there was any competent evidence to support the Commission's findings, not whether there was substantial evidence to support them. N.C.G.S. § 96-15(i).

**Am Jur 2d, Unemployment Compensation §§ 59, 61, 93, 94.**

APPEAL by petitioner from judgment entered 30 December 1988 by *Judge Robert L. Farmer* in ORANGE County Superior Court. Heard in the Court of Appeals 7 November 1989.

This is an appeal from denial of unemployment claims. Gabriel Celis (petitioner) was a mechanic employed by Yates Motor Company (Yates). Petitioner was summoned to report for jury duty on 26 April 1988 but mistakenly thought that he would be disqualified and excused from jury service because he was a resident alien. Petitioner testified that he told his supervisor, Yates' assistant parts and service manager, that he had been called for jury service but expected to be back at work at approximately 1:00 p.m. on the 26th. The service manager was also informed of the summons. Petitioner was chosen to sit on a jury and, without contacting his employer, did not return to work until the trial ended, two days later.

When petitioner arrived at work, he and the service manager had a brief conversation, the content of which is disputed. The service manager testified that petitioner walked off the job. Petitioner testified that in their conversation the service manager discharged him.

On 17 May 1988 an Employment Security Commission (Commission) adjudicator denied petitioner's application for unemployment compensation benefits. Claimant appealed and on 27 June 1988 an appeals referee determined that petitioner voluntarily left his employment without good cause attributable to his employer. Petitioner appealed to the Commission.

After making findings of fact the Commission concluded that petitioner was disqualified for benefits because he voluntarily left work without good cause attributable to the employer. Additionally, the Commission concluded that "[e]ven were claimant's separation . . . the result of a discharge as he alleges, he would be disqualified" because he was "justifiably discharged by the employer" for misconduct. The superior court determined that the facts found by the Commission were supported by competent evidence and the find-

ings of fact supported the conclusions of law. Therefore, the superior court affirmed the decision of the Commission. Petitioner appeals.

*North State Legal Services, Inc., by John L. Saxon and Karen Murphy, for petitioner-appellant.*

*No brief for Yates Motor Company, Inc., respondent-appellee.*

*Chief Counsel T. S. Whitaker, Alfreda Williamson and C. Coleman Billingsley, Jr., staff attorneys, for Employment Security Commission of North Carolina, respondent-appellee.*

EAGLES, Judge.

Petitioner makes three arguments on appeal. First, petitioner argues that the Commission's finding that he left work voluntarily is a conclusion of law that is fully reviewable by this court. Second, petitioner asserts that the appropriate standard of review for decisions of the Commission is "substantial evidence on the whole record," not the "any competent evidence" standard. Finally, petitioner argues that if we determine that the evidence shows he was discharged, there is no evidence of misconduct or substantial fault on his part to disqualify him from receiving unemployment compensation benefits. After reviewing the record, petitioner's arguments, and the applicable statutory provisions and case law, we affirm.

[1] Petitioner's first argument is that the Commission's determination that he voluntarily left work was erroneous as a matter of law. Petitioner relies on two decisions from other states in support of his argument that the determination of whether a person voluntarily leaves employment is a question of law. In *Torsky v. Com., Unemployment Compensation Bd. of Review*, 81 Pa. Cmwlth. 642, 474 A.2d 1207 (Pa. Comm. Ct. 1984) and *State ex rel. Dept. of Labor v. Unemployment Ins. Appeal Bd.*, 297 A.2d 412 (Del. Super. Ct. 1972), the courts held that the issue of whether a separation from employment is a discharge or a voluntary quit is a question of law. Additionally, petitioner cites *In re Vaughn*, Precedent Decision #15, Commission Decision #84(H)1379 (Aug. 18, 1984) in which the Commission stated that "[w]hether an employee voluntarily terminates her employment or is discharged is a question of law."

Petitioner argues that the discussion he had with the service manager constituted a constructive discharge. Petitioner testified that the service manager said "[s]eems to me that you don't care about your job," "it [would] be better . . . if [you] pick up [your]

CELIS v. N.C. EMPLOYMENT SECURITY COMM.

[97 N.C. App. 636 (1990)]

tools and leave," and when petitioner asked "does that mean that I, I shall be leaving[?]," the service manager said "[Y]eah." However, there was also evidence to the contrary to the effect that petitioner left the job of his own free will. The Commission's findings of fact, if supported by evidence, are conclusive on appeal. Here, the Commission heard the witnesses and was in the best position to judge their credibility. The conclusion that petitioner voluntarily left his employment is supported by the findings of fact. Additionally, there was no evidence that the conditions of petitioner's employment were so intolerable as to constitute "good cause attributable to the employer." Petitioner's arguments are without merit.

[2] Petitioner's second argument is that the Commission applied an improper standard of review. Petitioner argues that the standard of review applicable to this type case has not been determined and the "substantial evidence" test should apply (as opposed to "any competent evidence" standard). Petitioner relies on language from *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 349 S.E.2d 842 (1986), a case in which the Supreme Court declined to decide which standard controls:

> N.C.G.S. § 96-15 does not specify which test should be employed; it merely provides that the Commission's findings shall be conclusive "if there is evidence to support them. . . ." Where the word "evidence" appears, and its meaning is not otherwise qualified, "evidence" has been read to mean "substantial evidence." Moreover we note that the "whole record" test is the test normally preferred.

*Id.* at 448, 349 S.E.2d at 847 (citations omitted). Petitioner argues that upon review of the record as a whole the only reasonable conclusion here is that he was discharged. The Commission argues that the appropriate standard of review is "any competent evidence." There is evidence in the record to support the findings and the findings support the conclusions.

> The version of G.S. 96-15(i) applicable to this case provides that
>
> [i]n any judicial proceeding under this section, the findings of fact by the Commission, if there is evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.

This court has stated that the standard of review from decisions of the Commission is whether there is "any competent evidence"

VANDIFORD v. N.C. DEPT. OF CORRECTION

[97 N.C. App. 640 (1990)]

to support the findings. *See Dunlap v. Clarke Checks, Inc.*, 92 N.C. App. 581, 583, 375 S.E.2d 171, 173 (1989). *See also State ex rel. Employment Security Commission v. Smith*, 235 N.C. 104, 106, 69 S.E.2d 32, 33 (1952) (citing G.S. 96-4(m)).

We note that effective 5 July 1989 the General Assembly changed the language of G.S. 96-15(i). That statute now provides explicitly that "if there is *any competent* evidence" (emphasis ours) to support the Commission's findings of fact they are conclusive on appeal. There is no statutory provision that requires that the Commission's findings of fact be supported by "substantial evidence" as petitioner argues. Petitioner's argument is without merit and his assignment of error is overruled.

Petitioner's final argument is that his discharge was not due to misconduct or substantial fault on his part. Because of our disposition of the other issues in this case, we need not address petitioner's final argument.

For the reasons stated above, the decision below is affirmed.

Affirmed.

Judges PARKER and ORR concur.