[Civ. No. 9489.   Third Dist.   Dec. 5, 1958.]

RUSSELL S. ROLFE et al., Appellants, v. RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, etc., et al., Respondents.

Edmund Gorgas for Appellants.

Edmund G. Brown, Attorney General, and William T. Chidlaw, Deputy Attorney General, for Respondents.

SCHOTTKY, J.—An accusation was filed with the Department of Alcoholic Beverage Control charging Russell S. Rolfe and M. Yvonne Rolfe, possesors of a general on-sale liquor license, with five violations of the Alcoholic Beverage Control Act. Count I of the accusation charged that from November 1, 1955, through January 21, 1956, the licensee had permitted his licensed premises to be used in conjunction with a place in which illegal gambling was conducted. Count II charged

that from November 1, 1955, to January 21, 1956, the licensee aided and abetted in the keeping of a disorderly house in which illegal gambling was conducted in conjunction with his licensed premises. Count III charged a conspiracy by Russell S. Rolfe, Peter A. Bijarella, Eugene Battilana and Raymond Rodriguez to violate the gambling laws of the State of California through the construction and operation of a gambling casino. Count IV charged that during the years 1953, 1954 and up to September 7, 1955, the licensee permitted his premises to be used in conjunction with a disorderly house in which illegal gambling was conducted. Count V charged that between November 1, 1955, and January 21, 1956, appellants, through invitation, prevailed upon persons to visit a room which was maintained for gambling purposes.

The licensees requested a hearing and at the same time filed a statement of objections to the accusations. No ruling was ever made on the objections. Hearings were then had at which evidence was received. The Department of Alcoholic Beverage Control then issued its decision. The licensees were found to have committed each act charged, and their license was revoked as to each violation. An appeal was taken to the Alcoholic Beverage Control Appeals Board which reversed the decision as to Count III and affirmed it as to the other four counts. The licensees then sought a writ of mandate in the superior court, and after a hearing the court affirmed the decision of the department as to Counts I, II and IV and reversed it as to Count V. The court denied a peremptory writ of mandate, and the licensees have appealed from the judgment of the superior court. Only Counts I, II and IV are involved in this appeal.

Appellants' first contention is that the department prejudicially abused its discretion in not ruling on the statement of objections filed by the licensees. In this regard, it is asserted the failure to rule constitutes a failure to proceed in the manner required by law. By section 11506 of the Government Code, the accused may file a notice of defense in which he may object to the accusation on the ground that it does not state acts upon which the agency may proceed, or that the accusation is so indefinite or uncertain that the accused can not identify the transaction or prepare his defense. The appellants objected on both of these grounds.

There does not appear to be any provision in the Administrative Procedure Act (Gov. Code, § 11370 et seq.) for ruling on the objections allowed by section 11506, but we think that

appellants were entitled to have the objections which they filed ruled upon by the department. It appears from the record and the trial court found "That no objections were made to the Accusation at the time of the hearing before the respondent Department. That no request for a continuance was made at the time of the hearing before the respondent Department. That no request was made for a ruling on the objections at the time of the hearing before the Department. It is further found that the petitioners were able adequately to prepare their defense to the charges in said Accusation. It is further found that the petitioners could identify the transactions involved in the charges contained in the Accusation."

While it would have been the better practice to have ruled upon appellants' objections either prior to or at the time of the hearing, appellants did not make any point of the department's failure to do so at the time that the accusation was brought on for hearing; did not express surprise at the evidence adduced; did not request a continuance to meet the issues presented; and did not, before the hearing date, move for a continuance upon the ground that their objections had not been ruled on. Under the circumstances, it can not be said that appellants were prejudiced by the failure to rule on the objections to the pleadings, each count being sufficient to put appellants on notice of the charge being made against them. ■ As was said in *Wright* v. *Munro,* 144 Cal.App. 2d 843, 848 [301 P.2d 997] : "In these administrative proceedings the courts are more interested with fair notice to the accused than they are to adherence to the technical rules of pleading." ■ We are, therefore, of the opinion that the trial court found correctly that the department did not commit prejudicial error in failing to rule on the written objections of appellants. We believe also that the licensees, who were represented by able and experienced counsel, waived their objections to the failure of the department to rule on them prior to the hearing by going to trial on the merits.

■ Appellants' second contention is that the accusation filed by the respondent Department of Alcoholic Beverage Control did not state acts or omissions upon which the respondent department could proceed. It is not contended that the evidence is not sufficient to support the judgment, and it is conceded by appellants "that testimony had before the Respondent Department disclosed violations of law."

Appellants quote from section 11503 of the Government Code as follows: "It [the accusation] shall specify the statutes

and rules which the respondent is alleged to have violated, but shall not consist merely of charges phrased in the language of such statutes and rules." Appellants then argue that a reading of Counts I, II and IV of the accusation reveals that each count does nothing more than paraphrase the language of the statutes and rules alleged to have been violated. However, section 11503 also states that: "The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, *to the end that the respondent will be able to prepare his defense."* (Emphasis added.)

We agree with the following statement in the memorandum opinion of the trial court: "While the various counts of the accusation are loosely drawn and do not comply with the requirements of section 11503 of the Government Code, in that they consist substantially of charges phrased in the language of the statutes involved, the first four of them, in my opinion, are sufficiently clear that the petitioners knew with what they were charged and thus able to prepare their defense. Each one of them does allege acts in violation of penal statutes within the jurisdiction of the agency to punish by the suspension or revocation of a liquor license."

█ Section 11503 was construed recently in the case of *Wright* v. *Munro*, 144 Cal.App.2d 843, 848 [301 P.2d 997], as follows: ". . . Section 11503 of the Government Code requires that the charges be set forth in ordinary and concise language so that the acts with which the licensee is charged will be sufficiently clear so that the person charged will be able to prepare his defense. In these administrative proceedings the courts are more interested with fair notice to the accused than they are to adherence to the technical rules of pleading."

█ The first consideration under that statute should be whether or not the respondent was in fact able to prepare his defense after reading the accusation. In this case there are two indications that such was the case. First of all, if the respondent had not been able to prepare his defense because of some alleged insufficiency of the accusation, then it would seem reasonable that at or before the time of the hearing he would make his lack of preparation known to the hearing officer. This was not done. The second and conclusive consideration as to whether or not the respondent was able to prepare his defense is found in the complete transcript of the proceedings before the hearing officer. Nowhere in that tran-

script does there appear any surprise as to any of the charges or evidence produced against the licensees. As a matter of fact, in regard to Count IV of the accusation, the licensee himself admitted that these violations had occurred on his premises.

In summary, we are convinced that appellants were not prejudiced by the failure of respondent department to rule on the objections filed by appellants to the charges; that the charges were not so vaguely drawn as to preclude appellants from properly preparing and presenting their defense; and that the evidence was sufficient to support the charges and to sustain the department's decision that the license of appellants should be revoked.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.