[Civ. No. 18442.   First Dist., Div. Two.   Oct. 22, 1959.]

STERGIO D. BURAKO et al., Appellants, v. RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, et al., Respondents.

Benjamin M. Davis for Appellants.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Respondents.

DRAPER, J.—Petitioners' on-sale liquor license was ordered suspended for 45 days. The Alcoholic Beverage Control Appeals Board affirmed. The superior court issued alternative writ of mandate and, after hearing, denied peremptory writ. Petitioners appeal.

The accusation against petitioners was in four counts. Count 1 charged that on November 7, 1956, Brdar, one of the licensees, sold vodka "to an obviously intoxicated female person whose first name is Fay, and whose last name is not known to the complainant." Count 2 charged sale on the next day "to an obviously intoxicated person whose name is not known to the complainant." Counts 3 and 4 charged sale of liquor to a named minor, and that he was permitted to consume the liquor on the premises. Upon findings that each count was true, suspension was ordered for 15 days on each count, with the suspension on Counts 3 and 4 to run concurrently.

Appellants objected to the form of the accusation as to Counts 1 and 2, asserting that it did not enable them to identify the transactions. ■■ As to Count 1, the objection clearly was without merit. The colicensee who sold liquor to "Fay" testified fully and made it amply clear that he identified her readily and knew her well.

■■ As to Count 2, the description of the purchaser was vague and is by no means to be commended. However, in the proceeding before the hearing officer the department offered testimony identifying the purchaser as a Navy chief petty officer. The colicensee, testifying in his own defense, readily identified the incident and the officer, and named a number of persons present when this drink was sold. The licensees then were granted a three-day continuance for completion of their case. They produced one of the patrons said to have been

present at the time of the sale charged in Count 2. But he was asked only about Counts 3 and 4. Others identified by the coowner as being present were not called, although they were employed in the city where the hearing was held.

We conclude that appellants were not prejudiced by any claimed deficiency in the accusation. The code requirement is that the accusation be sufficient to enable the licensee to prepare his defense. (Gov. Code, §§ 11503, 11506[a][3].) ▪ In such proceedings the courts are more interested in fair notice to the accused than in adherence to technical rules of pleading. (*Wright* v. *Munro,* 144 Cal.App.2d 843, 848 [301 P.2d 997]; *Rolfe* v. *Munro,* 165 Cal.App.2d 726, 729 [332 P.2d 404].) Here appellants demonstrated amply their readiness to meet the department's evidence. Further, they were afforded sufficient time, after presentation of the department's evidence, to secure any further refutation available to them. They cannot now complain.

As to Counts 3 and 4, the coowner who sold liquor to the minor testified that at 10 or 10:30 p.m. the minor ordered a drink and exhibited a Navy identification card which showed him to be "almost 22 years old." He was served, left the bar, and returned about one hour later. The coowner recognized him and served him without again asking for his card. Shortly after this drink was served, an agent of the department asked the minor for identification and was shown a card fixing his age at 19, his true age. Two witnesses testified that the minor had shown a card to the bartender on his first visit, but they had not seen the card and did not know its contents. There was no contradictory evidence. Appellants assert that the evidence does not sustain the finding that "[i]t is not true that . . . immediately prior to the sale . . . the [minor] did exhibit any bona fide documentary evidence of his majority . . ."

▪ Proof that a bona fide identification was shown immediately before the sale is a defense in a disciplinary proceeding based on sale to a minor. (Bus. & Prof. Code, § 25660.) Until its amendment in 1955, the section required only that such documentary evidence be shown "before" the liquor was furnished. The 1955 amendment requires such display "immediately prior" to the furnishing. Appellants' premise is that the showing of the card on the earlier visit of the minor is conclusively established. Thus, they argue, the finding adverse to them is based wholly on the conclusion that the display an hour earlier was not "immediately prior" to the charged sale. We cannot agree.

■ The defense afforded by section 25660 is affirmative, and the licensee has the burden of establishing it. (*Farah* v. *Alcoholic Beverage etc. Appeals Board,* 159 Cal.App.2d 335, 338 [324 P.2d 98].) ■ The findings of the department on factual issues must be sustained if there is substantial evidence to support them. (*Brice* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 315, 320 [314 P.2d 807].) All legitimate and reasonable inferences must be indulged in support of the department's decisions. (*Marcucci* v. *Board of Equalization,* 138 Cal.App.2d 605, 608 [292 P.2d 264].) ■ In the light of this rule, it is significant to note that a trier of fact is not required to accept as true the uncontradicted testimony of a witness, but in the light of his interest and motives may disbelieve his testimony even though it is not directly contradicted. (*Bazaure* v. *Richman,* 169. Cal.App.2d 218, 221-222 [336 P.2d 1014].) ■ The coowner of the bar was the only witness to the nature and content of the card allegedly shown to him by the minor. His interest and motive are obvious. The conclusion we draw is that the hearing officer did disbelieve his testimony in this respect. Thus we need not determine whether the showing of a card one hour before service is "immediate" within the meaning of the code section.

Judgment affirmed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 16, 1959.

---

*Assigned by Chairman of Judicial Council.