[Civ. No. 19334.   First Dist., Div. One.   June 7, 1961.]

LEONARD GARCIA, Appellant, v. THOMAS W. MARTIN, as Director of the Department of Alcoholic Beverage Control, Respondent.

David H. Gill for Appellant.

Stanley Mosk, Attorney General, and James B. Davis, Deputy Attorney General, for Respondent.

HOYT, J. pro tem.*—The appellant, Leonard Garcia, operated The Siesta Inn. He had an on-sale beer and wine license and served food. Appellant cooked the food which was served and spent most of the time in the kitchen preparing it. He employed three women—Brownie, Irene and JoJo to work in The Siesta Inn, generally in the capacity of waitresses and sometimes as bartenders. There was also a woman named Nellie who spent a lot of time at the bar, and helped as a waitress on occasions.

An agent of the Department of Alcoholic Beverage Control named Hugh Boyle, visited The Siesta Inn eight or nine times. Thereafter a complaint in 16 counts was filed against appellant. Appellant filed a notice of defense and requested a hearing. The hearing resulted in a 15-day suspension of the license on each of four counts and its revocation on each of nine counts. The Alcoholic Beverage Control Appeals Board affirmed six counts, three of which carried suspensions and three revocation of the license.

On review, under an alternative writ of mandate, the Superior Court of Monterey County found that there was substantial evidence to support each of the six counts. Appellant takes this appeal from that judgment.

A motion was made on behalf of appellant for augmentation of the record presented to this court, by the inclusion therein of the notice of defense filed under section 11506 of the Government Code, with the Department of Alcoholic Beverage Control in connection with the original hearing. This court decided to defer consideration of the motion until the hearing on the merits. The notice of defense was not filed in or lodged with the superior court. It is only as to those documents which have been filed in or lodged with the superior

*Assigned by Chairman of Judicial Council.

court that augmentation of the record is permitted. The motion is therefore denied. (Rules on Appeal, rule 12(a); *People* v. *Wein,* 50 Cal.2d 383, 411 [326 P.2d 457]; *Estate of Hobart,* 82 Cal.App.2d 502, 509-510 [187 P.2d 105]; *Estate of Knapp,* 95 Cal.App.2d 536 [213 P.2d 408].)

■ Count II alleges that, ''On or about August 1, 1957, the above-named licensee, at his above-mentioned licensed premises, did employ or permit a woman known only as Brownie, to solicit or encourage other persons to buy her alcoholic beverages, to-wit, beer, on the above-mentioned premises.'' Count III is the same as Count II except that the date is September 14, 1957, and the woman is known only as JoJo. Section 24200.5 of the Business and Professions Code provides: ''Notwithstanding the provisions of Section 24200, the board shall revoke the license upon any of the following grounds: . . . (b) If the licensee has employed or permitted any persons to solicit or encourage others, directly or indirectly to buy them drinks in the licensed premises under any commission, percentage, salary, or other profit-sharing plan, scheme, or conspiracy.'' The appellant contends that the allegations in Counts II and III do not state an offense, but the test of the adequacy of administrative pleadings is simply whether the licensee is given fair notice of the acts or omissions with which he is charged so that he may prepare his defense. (*Wright* v. *Munro,* 144 Cal.App.2d 843, 848 [301 P.2d 997]; *Rolfe* v. *Munro,* 165 Cal.App.2d 726, 729 [332 P.2d 404].) Appellant did not indicate any lack of preparation of his case before the hearing officer, and nowhere in the transcript does there appear any surprise as to the charge or evidence produced against him. We must, therefore, conclude that the licensee had fair notice of the acts and omissions with which he was charged so that he might prepare his defense.

■ Appellant urges that the evidence is insufficient to establish the charges of Counts II and III. The evidence shows that on August 1, 1957, Brownie in the licensed premises asked a blonde man to buy her a beer, which he did. It likewise shows that on September 14, 1957, JoJo asked Hugh Boyle ''to buy her a beer'' from the licensee. Both Brownie and JoJo were on a salary. The proof of salary is sufficient to bring the case under section 24200.5 of the Business and Professions Code without evidence of any additional compensation based upon the number of drinks solicited, or some similar arrangement. ''Admittedly appellant paid them a salary. When a

licensee pays a salary to a female employee, permits her to solicit drinks for herself from patrons, as appellant did here, appellant has committed the described offense. The statute does not require anything more than the payment of salary, that the licensee employ a person 'to solicit . . . others . . . to buy them drinks . . . under any . . . salary. . . .' Even in the absence of a system of solicitation, the department's ruling stands.'' (*Greenblatt* v. *Martin,* 177 Cal.App.2d 738, 743-744 [2 Cal.Rptr. 508].)

It is also contended by appellant that there is no evidence of knowledge on the part of the licensee that Brownie and JoJo were soliciting other persons to buy them drinks. It is apparent that the female bartenders had knowledge and this knowledge is imputed to appellant. ''The owner of a liquor license has the responsibility to see to it that the license is not used in violation of law and as a matter of general law the knowledge and acts of the employee or agent are imputable to the licensee.'' (*Munro* v. *Alcoholic Bev. etc. Control Appeals Board,* 181 Cal.App.2d 162, 164 [5 Cal.Rptr. 527].)

The point is made that to revoke the license of the licensee because of the conduct and knowledge of his employees deprives him of due process of law under the Fourteenth Amendment of the United States Constitution because the inference has no basis in reason and requires him to act by unreasonable standards. However, the rule is that, ''The licensee, if he elects to operate his business through employees must be responsible to the licensing authority for their conduct in the exercise of his license. . . .'' (*Mantzoros* v. *State Board of Equalization,* 87 Cal.App.2d 140, 144 [196 P.2d 657].) This rule follows from the nature of the activity of selling intoxicants. As was said in *Tokaji* v. *State Board of Equalization,* 20 Cal.App.2d 612, 614-615 [67 P.2d 1082] : ''It is well settled that the right to possess, make or deal in intoxicating liquor is not a privilege, nor such a property right that state legislation prohibiting, restricting or regulating its manufacture, use, possession, distribution or sale violates the Fourteenth Amendment of the federal Constitution. . . . Regarding this subject it was recently declared: 'Unlike the rule with respect to the right to deal in ordinary commodities . . . there is no inherent right in a citizen to sell intoxicants . . . and a license to do so is not a proprietary right within the meaning of the due process clause of the Constitution. . . . It is but a permit to do what would other-

wise be unlawful, and consequently, a statute authorizing its revocation does not violate the due process clause, and it may be revoked without notice or hearing without invading any constitutional guarantees.' (*State Board of Equalization* v. *Superior Court,* 5 Cal.App.2d 374, 377 [42 P.2d 1076].)''

Count IV alleges that, ''On or about July 25, 1957 and August 2, 1957, the above-named licensee, at the above-mentioned licensed premises, did employ or knowingly permit a woman known only as Nellie, to loiter in or about the described licensed premises . . . where alcoholic beverages were and are sold to be consumed upon the premises, for the purpose of begging or soliciting patrons, customers or visitors in such premises to purchase alcoholic beverages for her.'' The charge follows closely the wording of section 25657, subdivision (b), of the Alcoholic Beverages Control Act. The essential elements of this section are that it is unlawful (1) in any place where alcoholic beverages are sold to be consumed upon the premises, (2a) to employ anyone to loiter in or about said premises, or (2b) to knowingly permit anyone to loiter in or about said premises, (3) for the purpose of begging or soliciting any person in such place, (4) to purchase any alcoholic beverages, (5) for the one begging or soliciting. Regardless of whether there was any evidence that Nellie was employed at the time in question, there was ample evidence to show that Nellie was knowingly permitted to loiter in the premises where alcoholic beverages were sold for consumption on the premises, for the purpose of soliciting persons in the place to buy her a beer. The knowledge of the bartender is imputed to the licensee (*Munro* v. *Alcoholic Bev. etc. Appeals Board, supra*) and Nellie solicited drinks from a Mexican patron, from another man who was a Mexican or Italian, and from Hugh Boyle. This is all that is required to substantiate this charge. Each material element is supported by substantial evidence.

Count VIII charges that, ''On or about August 1, 1957, the above-named licensee did, at his above-designated licensed premises, permit female employees of said licensee known only as Brownie and Irene, to accept in or upon the licensed premises alcoholic beverages, to-wit, beer, which had been purchased or sold there, said alcoholic beverages being intended for and consumed by said female employees.'' Count IX is the same as Count VIII except that the dates were September 14, 20 and 21, 1957, and the employee was known only as JoJo. Appellant argues that the word ''permit'' connotes a volitional act and that the employee's knowledge

should not be imputed to the licensee, but as has already been pointed out the knowledge of the employee is imputed to the employer. (*Munro* v. *Alcoholic Bev. etc. Appeals Board, supra.*) Whether the drinking was or was not furtive would not change this rule.

Count XI charges a violation of section 25655 of the Business and Professions Code which makes it unlawful for the licensee to cause and permit a female, who was not then and there the holder of any license issued under the Alcoholic Beverages Control Act, to dispense wine from behind a permanently affixed fixture which was then and there used for the preparation of alcoholic beverages. Appellant contends that the fixture was not used for the "preparation" of alcoholic beverages on the theory that no drinks were mixed in the premises. Preparation is broader than mixing, it includes, for instance, opening the bottle or the can of beer. It is conceded that the fixture was permanently affixed. Therefore, there is no merit in this point. In addition this issue is raised for the first time in this case by appellant in his opening brief filed with this court. Questions not raised in the trial court will not be considered on appeal. (*Imperial Valley Land Co.* v. *Globe Grain & Mill Co.,* 187 Cal. 352, 359 [202 P. 129].)

The motion to augment is denied. The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.