John WOLFENBARGER, Appellant,

v.

Alford HENNESSEE, Chief of Police of City of Lawton, and the City of Lawton, a municipal corporation, Appellee.

No. 45465.

Supreme Court of Oklahoma.

March 26, 1974.

Warren H. Crane, Lawton, for appellant.

Manville Redman, Joe B. Reeves, Lawton, for appellee.

HODGES, Judge.

John Wolfenbarger (Wolfenbarger) operated a pawn shop in the City of Lawton, Oklahoma. On October 26, 1971, he received the following notice:

"THE CITY OF LAWTON, OKLAHOMA TO:

John and Rosemary Wolfenbarger dba Honest John's Pawn Shop

Licensee"

"You are hereby notified that pursuant to the terms of the ordinances of the City of Lawton, Oklahoma, pertaining to the licensing and regulating of Pawnbrokers and Secondhand Dealers within the City of Lawton, Oklahoma, the Mayor and City Council of said city will hold a public hearing in the Council Chambers at the City Hall in Lawton, Oklahoma at 10:30 a. m. on Tuesday, November 2, 1971, to determine whether or not the Pawnbrokers and Secondhand Dealers license previously issued to you pursuant to the terms of said Ordinances should be revoked because of violations of the Ordinances of said City governing the operation of Pawnbrokers and Secondhand Dealers. At said time and place you may appear and show cause, if any you have, why said license should not be revoked.

"Dated this 26th day of October, 1971.

"City Council of the City of Lawton, Oklahoma."

Wolfenbarger appeared at the time appointed at public hearing with counsel. Before the proceedings began, his attorney

objected to lack of notice as to specific charges. He requested a bill of particulars or that he at least be orally advised as to what violations were incurred by Wolfenbarger. The request was denied by the mayor who stated this would be pointed out by persons speaking for revocation. The minutes of the meeting reflect that the mayor requested that all formalities of a court of law be eliminated and simple statements of fact would be presented with "no calling of witnesses, cross-examinations etc." The attorney for the pawnbroker was not permitted to object to incompetent matters or to cross examine the witnesses. Legal process thus being dispensed with, the hearing proceeded. Upon motion and second the City Council voted to revoke the license.

Wolfenbarger brought an action in the District Court of Comanche County. He alleged that the action of the council was a denial of due process and that the action by the council was null and void. He sought a temporary restraining order and an injunction against the City of Lawton and its police chief to prevent the execution of the revocation order.

The District Court found that the notice was sufficient, and that Wolfenbarger suffered no prejudice. It further found that the City Council acted as a fact finding body but that it was not bound by strict legal rules of evidence in a revocation hearing.

Appellees contend "that the Lawton City Council, acting in this instance as an administrative body are not bound by strict and technical rules of evidentiary procedure, properly exercised their authority by conducting a 'fundamentally fair' hearing in good faith to preserve the peace, health and safety of the citizens of Lawton as supported by reliable material, probative and substantially competent evidence".

■ The state, and a municipality when duly authorized, may require a license as a condition precedent to conducting the business of pawnbroking. Shinn v. Oklahoma City, 184 Okl. 236, 87 P.2d 136 (1939);

See also 70 C.J.S. Pawnbrokers § 3, p. 189, Levison v. Boas, 150 Cal. 185, 88 P. 825 (1907). 11 O.S.1971 § 962.8(1).

Under Oklahoma law, applicable at the time, it was mandatory to have a license from a municipal corporation to operate a pawn shop. It is provided by 21 O.S. 1971 § 1091 that:

"Every person who carries on the business of a pawnbroker, by receiving goods in pledge for loans at any rate of interest above that allowed by law, except by authority of a license from a municipal corporation empowered to grant licenses to pawnbrokers, is guilty of a misdemeanor."

This statute has since been repealed and supplanted by 59 O.S.Supp.1973 §§ 1501–1513, the Oklahoma Pawnbrokers Act. It is still mandatory that a pawnbroker obtain a license, but licensure is now regulated by the Administrator of Consumer Affairs. The Act sets out certain standards which conform to procedural due process and proceedings under it are generally governed by the Administrative Procedures Act.

■ If it is necessary to procure a license in order to carry on a chosen profession or business, the power to revoke a license once granted is penal and should be strictly construed. Board of Examiners of Veterinary Medicine v. Mohr, 485 P.2d 235 (Okl.1971); State ex rel. Board of Chiropractic Examiners v. Myers, 466 P.2d 640 (Okl.1970); State v. Guardian Funeral Home, 429 P.2d 732 (Okl.1967).

■ A city council exercises quasi-judicial powers when it acts as an administrative board authorized to revoke pawnbrokers licenses. However, it may not ignore due process nor act arbitrarily. See City of Wewoka v. Rose Lawn Dairy, 202 Okl. 286, 212 P.2d 1056 (1949); 73 C.J.S., Public Administrative Bodies and Procedure § 33, p. 335.

■ The constitutional guaranty of due process of law applies to administra-

tive as well as judicial proceedings where such proceedings are quasi-judicial in nature. Neeley v. Board of Trustees, Police & F. Retire. Sys., 205 Kan. 780, 473 P.2d 72, 75 (1970). The due process clauses of the State and Federal Constitutions afford protection against arbitrary and unreasonable administrative actions. State v. Parham, 412 P.2d 142, 154 (Okl.1966).

 Where the ordinance prescribes a particular method of procedure for the revocation of a license it must be followed. In the absence of such a provision, there must be substantial compliance with the fundamental rules of substantial justice and fair play. In a proceeding for revocation of a license the complainant must definitely set forth the nature of the charge and be sufficiently explicit to advise a person charged of the particular kind of misconduct which it is proposed to prove against him. Klafter v. State Board of Examiners of Architects, 259 Ill. 15, 102 N.E. 193 (1913).

██ The test of adequacy of administrative pleadings is whether the licensee is given fair notice of the acts or omissions with which he is charged so that he may prepare his defense. Garcia v. Martin, 192 Cal.App.2d 786, 14 Cal.Rptr. 59, 61 (1961).

██ An administrative hearing, particularly where the proceedings are judicial or quasi-judicial, must be full, fair and adequate; right to a full hearing includes a reasonable opportunity to know the claims of the opposing party and to meet them. There must be adequate notice of the issues, and the issues must be clearly defined in order that an administrative hearing is fair. All parties must be apprised of the charges so they may test, explain or rebut it. They must be given an opportunity to cross-examine witnesses and to present evidence. See Goldberg v. Kelly, 397 U.S. 254, 269, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287, 300, 73 C.J.S. Public Administrative Bodies and Procedure § 132, p. 456.

██ It is unquestioned that the City of Lawton may regulate pawn brokers licenses by enacting appropriate ordinances. However, it must proceed within the limits of procedural due process in its exercise of such power. We are concerned here not with the *ends* which might justify governmental restrictions upon the right to follow a certain profession but with the *means* which the government must employ in enforcing admittedly permissible restraints. Endler v. Schutzbank, 68 Cal.2d 162, 65 Cal.Rptr. 297, 436 P.2d 297, 303 (1968).

██ Procedural due process requires confrontation and cross-examination of those whose word deprives a person of his livelihood as well as notice and a full hearing whenever actions by the state significantly impairs an individual's freedom to pursue a private occupation. Willner v. Committee on Character & Fitness, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963).

██ Certain principles have remained relatively immutable in our jurisprudence. One is that where governmental action seriously injures an individual and the reasonableness of the action depends on fact findings, the evidence used to prove the government's case must be disclosed to the individual so that he had an opportunity to show that it is untrue. This is important in the case of documentary evidence, but it is even more important where the evidence consists of testimony of individuals whose memory might be faulty or who in fact might be perjurers or persons motivated by malice, vindictiveness, intolerance, by prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. Greene v. McElroy, 360 U.S. 474, 496, 497, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377, 1390 (1959).

██ The ultimate boundaries of appellant's rights are not set by the ordinances of the City of Lawton nor the arbitrary action of its city council, but by the Con-

stitution of the United States and the State of Oklahoma.

Judgment reversed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMM, JJ., concur.